KOHRS ET AL., APPELLANTS, *v.* SMITH ET AL., DEFENDANTS;
BOARDMAN, APPELLANT.

(No. 3,135.)

(Submitted May 1, 1912.  Decided May 10, 1912.)

[124 Pac. 275.]

*Negotiable Instruments—Law Governing—Who not Liable.*

Promissory Notes—Who not Liable.
1. Under section 5866, Revised Codes, a person whose name does not appear on a promissory note is not liable thereon.
Same.
2. Defendant S. alleged in his answer that in making and delivering notes signed by him individually, payment of which plaintiffs sought to enforce, he acted as the agent of B., and that this fact was known to plaintiffs.  B. was joined as defendant and judgment rendered holding him liable as primary debtor and S. as secondary debtor.  *Held*, error, under section 5866, Revised Codes, nothing appearing on the instruments indicating liability on the part of any person other than S.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Conrad Kohrs and John Bielenberg against Clyde C. Smith to enforce payment of promissory notes.  J. M. Boardman, made codefendant on motion of defendant Smith, as well as plaintiffs, appeal from that part of the judgment, holding Boardman as primary debtor and defendant Smith as secondary debtor.  Reversed with directions.

STATEMENT OF THE CASE BY THE JUDGE DELIVERING THE
OPINION.

This is an action to enforce the payment of two promissory notes, identical in terms except as to date, a copy of one of which is as follows:

"$1500.00                    Helena, Montana, April 26, 1905.

"One year after date for value received I promise to pay to the order of Kohrs & Bielenberg Fifteen Hundred Dollars in currency of the United States, negotiable and payable at the office of Kohrs & Bielenberg, Deer Lodge, Mont., with interest

before and after maturity at the rate of seven per cent. per annum from date until paid. The makers and indorsers hereby waive presentment, demand, protest and notice thereof; and agree to pay reasonable attorney's fees in case of suit on this note. [Signed] Clyde C. Smith''; and to foreclose a pledge on thirty shares of the capital stock of the Montana Anchor Fence Company, a corporation, which were hypothecated as collateral to secure the payments of the notes. The defendant Smith filed an answer in which he admitted all of the allegations of the complaint, and alleged that in making and delivering said notes, and in assigning and transferring said stock, he was acting as the agent of one J. M. Boardman, and this fact was known to the plaintiffs. After the filing of the answer, a motion was made in behalf of defendant Smith to have Boardman made a party defendant in the action. The trial court granted the motion, and Boardman appeared and filed an answer denying that defendant Smith was acting as his agent. A trial was had and the promissory notes referred to in the complaint were offered and received in evidence, without objection, as was also the certificate of stock with the assignment and transfer thereon, made by defendant Smith. The cause was tried before the court and a jury. A special verdict was returned, by which the jury found (1) that the defendant Smith in making and delivering said promissory notes was acting as the agent for Boardman. Judgment was rendered in favor of plaintiffs and against the defendants, directing a sale of said stock and the application of the proceeds remaining after the payment of costs and expenses of sale, to the satisfaction of such judgment. It further provided that after the application of the proceeds of the sale of the stock to the judgment, if there remained any portion of said judgment, the plaintiffs should have execution against the defendant Boardman as primary debtor, and against defendant Smith as secondary debtor. Both the plaintiffs and the defendant Boardman are objecting to that part of the judgment against defendant Boardman, and are each appealing.

*Messrs. Gunn, Rasch & Hall,* and *Mr. W. W. Patterson,* for Appellants, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

In 14 Encyclopedia of Pleading and Practice, pages 461 to 462, the author, in speaking of parties defendant in actions upon negotiable instruments, says: "Persons not parties to the instrument cannot be joined as defendants in an action thereon; and of course the nonjoinder of such persons cannot be successfully set up by the defendant." (See, also, *Bankers' National Bank* v. *Security Trust Co.,* 19 S. D. 418, 103 N. W. 654; *Cooper* v. *German National Bank,* 9 Colo. App. 169, 47 Pac. 1041; *Heaton* v. *Lynch,* 11 Ind. App. 408, 38 N. E. 224; *Chapman* v. *Forbes,* 123 N. Y. 532, 26 N. E. 3; *Bauer* v. *Dewey,* 166 N. Y. 402, 60 N. E. 30; *Carroll* v. *Fethers,* 82 Wis. 67, 51 N. W. 1128; *Merchants' Trust Co.* v. *Bentel,* 10 Cal. App. 75, 101 Pac. 31.) In the first three cited cases the facts were almost identical with the facts in the case at bar. In each of them application was made for an order making persons, other than those appearing upon the notes sued upon, parties defendant, and in each of them it was held that the court had no power or authority to make such order.

The court erred in rendering judgment against the defendant Boardman. In 7 Cyc. 549, it is said: "Where the maker of a note executes it by his agent, it is not necessary that the agent's name or authority to act should appear; but the principal's name should appear, and if it does not, the agent is individually liable as maker, although the payee knows him to be acting merely as agent and the name of the principal was disclosed, although the instrument was given in the principal's business and the consideration was beneficial to him, notwithstanding a direction in the instrument to charge to the principal's account, and although the agent was authorized by the principal, and the principal is not liable on the paper, notwithstanding the agent acted by authority." The rule thus laid down applies notwithstanding the fact that the plaintiffs are the payees of the notes. (*Hobson* v. *Hassett,* 76 Cal. 203, 9 Am. St. Rep. 193, 18 Pac. 320; *Nash*

v. *Towne,* 5 Wall. (U. S.) 689, 18 L. Ed. 527; *Cragin* v. *Lovell,* 109 U. S. 194, 27 L. Ed. 903; *Sparks* v. *Despatch Transfer Co.,* 104 Mo. 531, 24 Am. St. Rep. 351, 12 L. R. A. 714, 15 S. W. 417; *Tucker Mfg. Co.* v. *Fairbanks,* 98 Mass. 101; *Locomotive & Machine Works* v. *Moragne,* 119 Ala. 80, 24 South. 834; *Tannatt* v. *Rocky Mt. National Bank,* 1 Colo. 278, 9 Am. Rep. 156; *Kean* v. *Davis,* 20 N. J. L. 425; *Bradlee* v. *Boston Glass Manufactory,* 16 Pick. (Mass.) 347; *Newhall* v. *Dunlap,* 14 Me. 180, 31 Am. Dec. 45; *Hypes* v. *Griffin,* 89 Ill. 134, 31 Am. Rep. 71; *Caphart* v. *Dodd,* 3 Bush (Ky.), 584, 96 Am. Dec. 258; *Nunnemacher* v. *Poss,* 116 Wis. 444, 92 N. W. 375.)

*Messrs. Walsh & Nolan,* for Respondent, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

The first question that arises is whether or not, the notes being signed by defendant Smith without qualification, it would be competent, as against the payee, to show, not for the purpose of escaping liability, but for the purpose of showing that he had no interest in the transaction at all, that he executed the notes solely for the accommodation of Mr. Boardman, who was the real party to the transaction. If allowed to do this, then undoubtedly it was competent to make Boardman a party for the purpose of having the judgment provide for its satisfaction in the first place out of his property. To this point we cite Wigmore on Evidence, sec. 2438; *Barbre* v. *Goodale,* 28 Or. 465, 38 Pac. 67, 43 Pac. 378; *Pruitt* v. *Jones* (Tex. Civ. App.), 36 S. W. 503. As to the propriety of bringing in parties so as to finally adjudicate the matters involved, we quote the following from the decision of the court, in the case of *Skipwith* v. *Hurt,* 94 Tex. 322, 60 S. W. 425: "The general doctrine of our courts is that the rights of all parties in the subject of litigation may and should be settled in one suit, within the limitation that parties cannot be so introduced as to prejudice the rights of those who have already commenced the litigation." (*Philadelphia Underwriters* v. *Ft. Worth & D. C. Ry. Co.,* 31 Tex. Civ. App. 104, 71 S. W. 419.)

But it is said in this case that we have negotiable promissory notes involved, and that the rules above outlined as to this class of instruments have no application. We cannot assent to this claim. In the case of *Higgins* v. *Ridgway,* 153 N. Y. 130, 47 N. E. 32, the facts disclose that when the note was given, the maker was informed that he would incur no risk in giving the note, and that he would not be held on it. This evidence was deemed competent. In the case of *Breneman* v. *Furniss,* 90 Pa. 186, 35 Am. Rep. 651, the supreme court of Pennsylvania held that in an action by the holder against the indorser of a check, evidence is competent, not only that the defendant indorsed upon the express agreement of the holder that he would not be liable, but of all the circumstances under which the indorsement was made, and that it was at the request and for the mere accommodation of the holder. To the same effect see *Taylor* v. *French,* 2 Lea (Tenn.), 257, 31 Am. Rep. 609; *Mc-Farland* v. *Sikes,* 54 Conn. 250, 1 Am. St. Rep. 111, 7 Atl. 408; *Harris* v. *Brooks,* 21 Pick. (Mass.) 195, 32 Am. Dec. 254; *Exchange Bank* v. *Hubbard,* 62 Fed. 112, 10 C. C. A. 295.

HONORABLE W. R. C. STEWART, Judge of the Ninth Judicial District, sitting in place of the CHIEF JUSTICE, disqualified, delivered the opinion of the court.

Section 5866 of the Civil Code, which is a part of the [1] Negotiable Instrument Act of the laws of the state of Montana, provides: "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name." This section of our Negotiable Instrument Act is uniform with, and contained in, the laws of thirty-eight states of the Union, and is the result of an effort directed by the American Bar Association to bring about uniformity of the laws on this subject, a history of which effort may be found in Part III of Ogden on Negotiable Instruments. The same general rule is stated in 2 Clark & Skyles on the Law of Agency, section 575, as follows:

"It is also a well-settled rule that only such persons are liable on a negotiable instrument as are named or described therein; or, in other words, a negotiable instrument is binding on the person only by whom it is signed. If an agent is authorized to make, draw, accept, or indorse a negotiable bill or note, in order that it may be binding on the principal, he must either sign the principal's name, or must make it appear in some way from the face of the instrument that it was executed for him; and if instead of doing so he, innocently or intentionally, makes it appear that he himself is the party to the instrument, it will be binding on him alone. When, therefore, an agent makes, indorses or accepts a negotiable instrument in his own name, he is personally liable thereon, although he may have acted in good faith and may have disclosed the fact of his agency or the name of his principal; and parol evidence is inadmissible for the purpose of charging another or relieving the agent from liability on such instrument."

The same rule is stated in 1 Daniel on Negotiable Instruments, section 303, which reads as follows: "No party can be charged as principal upon a negotiable instrument unless his name is thereon disclosed. The reason of this rule is that each party who takes a negotiable instrument makes his contracts with the parties who appear on its face to be bound for its payment; it is 'a courier without luggage,' whose countenance is its passport; and in suits upon negotiable instruments, no evidence is admissible to charge any person as a principal party thereto, unless his name in some way is disclosed upon the instrument itself; although upon other written contracts, not negotiable, it is often competent to show that, although signed in the name of the agent only, they were executed in the business of the principal, and with the intent that he should be bound." To the same effect is the case of *New York Life Ins. Co.* v. *Martindale,* 75 Kan. 142, 121 Am. St. Rep. 362, 12 Ann. Cas. 677, 21 L. R. A., n. s., 1045, 88 Pac. 559; 1 Am. & Eng. Ency. of Law, 2d ed., p. 1141.

Since the adoption of our Negotiable Instrument Act the supreme court of Washington, in *Seattle Shoe Co.* v. *Packard,*

43 Wash. 527, 86 Pac. 845, has construed the Act as follows: "But, outside of the authorities which have been cited in this case, our own statutes settle the status of the parties to a transaction of this kind. Chapter 149, found on page 340 *et seq.* of the Laws of 1899, a chapter relating to negotiable instruments, undertakes to establish the law of this state in relation thereto. Section 18 (page 345) provides: 'No person is liable on the instrument whose signature does not appear thereon except as therein otherwise expressly provided.' It will be observed that this is an action upon the draft, and it will be further observed that the signature of the respondents does not appear upon said draft, and no liability of the respondents can therefore attach unless the liability is otherwise expressly provided in the Act, and no such express provision can be found."

It will be noted that there is nothing about the notes in [2] question here to indicate a liability on the part of any other person than defendant Smith, who signed the same. Therefore the judgment, so far as it fixes the liability against the defendant Boardman, is erroneous under the statute, and should be revised so as to bind the defendant Smith alone.

The judgment is therefore reversed, and the trial court is directed to enter judgment for the plaintiffs for the amount of the notes against the defendant Clyde C. Smith alone, and for the sale of the pledged stock.

*Reversed, with directions.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

Rehearing denied June 4, 1912.