# FIRST NATIONAL BANK OF MISSOULA, Appellant, *v.* COTTONWOOD LAND CO. et al., Respondents.

(No. 3,581.)

(Submitted January 5, 1916. Decided January 14, 1916.)

[154 Pac 582.]

*Actions — Survival — Corporations — Annual Reports — Directors—Personal Liability—Promissory Notes—Renewal—Payment—Presumptions.*

Corporations—Annual Reports—Action Against Director—Survival.
   1.   The right of action created in favor of a corporation's creditors, by section 3850, Revised Codes, as amended by Chapter 140, Laws of 1909, to enforce the liability of a director imposed upon him because of the failure of the corporation to file the annual report required by the statute, survives his death and may be prosecuted against his estate.

   [As to the law governing the survival of actions, see note in Ann. Cas. 1914B, 114.]

Promissory Notes—Who Liable Thereon.
   2.   To hold a person, or his estate, liable on a promissory note, his name must, under section 5866, Revised Codes, appear thereon.

Corporations—Annual Reports—Liability of Directors—Nature of.
   3.   The liability of directors of a corporation for failure to file the annual report required by section 3850, Revised Codes, is joint and several, direct and primary, and not that of sureties and guarantors of its debts.

Promissory Notes—Renewal—Payment—Novation.
   4.   The renewal of a promissory note without change in the parties operates only to extend the time of payment, and does not, unless made such by special agreement, constitute payment of the debt or discharge of the original obligation.

Same—Payment—Presumptions.
   5.   In the absence of an affirmative showing that a renewal note was given and accepted as a discharge and payment of the original debt, the presumption of payment will not be indulged.

*Appeal from District Court, Powell County; G. B. Winston, Judge.*

Action by the First National Bank of Missoula against the Cottonwood Land Company, W. R. Glasscock and the Union Bank & Trust Company, as executor of the estate of James T. Manning, deceased. From a judgment sustaining the demurrer of the executor, plaintiff appeals. Reversed and remanded.

*Mr. H. H. Parsons,* for Appellant, submitted a brief.

An action against a director under section 3850, Revised Codes, as amended, does not abate upon his death. (See *Brown v. Clow,* 158 Ind. 403, 62 N. E. 1006; *Crawfordsville Trust Co. v. Ramsey,* 178 Ind. 258, 98 N. E. 177; *Warren v. Para Rubber Shoe Co.,* 166 Mass. 97, 44 N. E. 112; *Lindemann v. Rusk,* 125 Wis. 210, 104 N. W. 119; *McComb v. Kellogg,* 48 Hun, 621, 1 N. Y. Supp. 206; *Stephens v. Overstolz,* 43 Fed. 465; *Boyd v. Schneider,* 131 Fed. 223, 65 C. C. A. 209; *Allen v. Luke,* 163 Fed. 1018.)

"The holder of the renewal note may, at his option, surrender it and bring suit upon and enforce the original obligation, unless it affirmatively appear that the original has been extinguished by an express or implied agreement to that effect." (*State Bank v. Mutual Telephone Co.,* 123 Minn. 314, Ann. Cas. 1915A, 1082, 143 N. W. 912; *Camas Prairie State Bank v. Newman,* 15 Idaho, 719, 128 Am. St. Rep. 81, 21 L. R. A. (n. s.) 703, 99 Pac. 833.)

"The debt is not paid, nor is a note discharged or paid by taking another in place thereof, unless received by express agreement as payment." (*Savings Bank v. Central Market Co.,* 122 Cal. 28, 54 Pac. 273; *First Nat. Bank v. White,* 60 N. J. Eq. 487, 46 Atl. 1092; *Bowman v. Rector* (Tenn. Ch.), 59 S. W. 389; *Lowry v. Milwaukee Nat. Bank,* 114 Wis. 311, 90 N. W. 178; *Hutchins v. Stanley,* 88 Kan. 739, 129 Pac. 1180; *Johnson v. Grayson,* 230 Mo. 380, 130 S. W. 673.) The giving of worthless security is no more a payment of the obligation that it is given

to secure than is the giving of a new note, payment and discharge thereof. (*Union Brewing Co. v. Interstate Bank & Trust Co.,* 240 Ill. 454, 88 N. E. 997; *Bank v. Handley,* 48 W. Va. 690, 37 S. E. 536; *Reynolds v. Schade,* 131 Mo. App. 1, 109 S. W. 629; *Fairbank v. Merchants' Nat. Bank,* 132 Ill. 120, 22 N. E. 524; Colebrooke on Collateral Securities (2d ed.), 14, 24.)

*Messrs. Scharnikow & Jordan,* for Respondent, submitted a brief; *Mr. L. N. Jordan* argued the cause orally.

The liability under section 3850 of the Revised Codes, as amended, does not survive the death of a director. (*Mitchell v. Hotchkiss,* 48 Conn. 9, 40 Am. Rep. 146; *Diversey v. Smith,* 103 Ill. 378, 42 Am. Rep. 14; *Carr v. Rischer,* 119 N. Y. 117, 23 N. E. 296; *Brackett v. Griswold,* 103 N. Y. 425, 9 N. E. 438; *Stokes v. Stickney,* 96 N. Y. 323; *Bank of California v. Collins,* 5 Hun (N. Y.), 209; *Yarter v. Flagg,* 143 Mass. 280, 9 N. E. 649; *Moies v. Sprague,* 9 R. I. 541; *Reynolds v. Mason,* 54 How. Pr. (N. Y.) 213; 14 Am. & Eng. Ency. Law (1st ed.), 293; 1 Cyc. 68; 1 R. C. L. 44.)

Upon close examination of section 6494, Revised Codes, it will be found that no provision is made for the survival of an action against the wrongdoer, except in those cases where the action has been begun before the death of the wrongdoer. In the case at bar, the action was not commenced against James T. Manning during his lifetime. And, under such statute, there is no provision for the survival of the action against his representatives. There is a vital difference between the survival of a cause of action upon the death of the injured party and the survival of liability upon the death of the wrongdoer. (*Kranz v. Wisconsin Trust Co.,* 155 Wis. 40, Ann. Cas. 1915C, 1050, 143 N. W. 1049.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

During all of 1911, and 1912 until December 20, James T. Manning was a director of the Cottonwood Land Company, a domestic trading corporation. The directors, including Man-

ning, failed and neglected to make any report of the financial affairs of the company for either 1911 or 1912. On November 22, 1912, the company became indebted to the First National Bank of Missoula in the sum of $7,050, evidenced by a promissory note due in four months with interest at eight per cent per annum, and signed "Cottonwood Land Company, by W. R. Glasscock, Pres., W. R. Glasscock." On December 20, 1912, Manning died, and the Union Bank & Trust Company was appointed executor of his last will. In July, 1913, a renewal note for $7,000 due in 30 days, with interest at ten per cent per annum executed in the manner and form as the original note, was delivered to the bank and with it 490 shares of the capital stock of the company as collateral security for the payment of the debt. A claim against Manning's estate was duly presented, but payment was refused, and this action was instituted. The complaint recites the history of the transactions in great detail. It is alleged that the stock pledged as security is worthless, that the corporation is insolvent, and that demand for payment, made upon the other directors, has met with refusal. To the complaint the Union Bank & Trust Company, as executor, interposed a demurrer upon the following grounds: (1) That the executor is improperly made a party, for the reason that the complaint fails to disclose any liability on the part of Manning during his lifetime; (2) that the complaint fails to state facts sufficient to constitute a cause of action; (3) that the complaint is uncertain, in that it cannot be determined whether relief is sought upon the express contract or upon a liability created by statute. This demurrer was sustained, and the plaintiff, electing to stand upon its complaint, suffered judgment of dismissal to be entered and appealed.

1. Section 3850, Revised Codes, as amended by an Act approved March 11, 1909 (Laws 1909, p. 217, sec. 1), requires the directors of a domestic trading corporation, within twenty days after December 31 of every year, to prepare and file a report which shall exhibit the financial affairs of the corporation. The statute provides further: "If any such corpora-

tion shall fail to file such report, directors of the corporation shall be, jointly and severally, liable for all debts or judgments of the corporation then existing, or which may thereafter be in anywise incurred until such report shall be made and filed.''

Counsel for the respective parties indulge in much discussion as to the character of this statute—whether penal or remedial in its nature. If the survival of plaintiff's cause of action was made to depend upon the application of principles of the common law, the discussion would be pertinent as well as interesting; but, since the matter is determined by statute, the labors of counsel are largely in vain. That the statute creates a right of action in favor of the creditor and against the delinquent director must be conceded by everyone. Such an action was unknown to the common law. That the right of action thus created survives the death of the delinquent director and may be prosecuted against his estate is not an open question in this jurisdiction. In *Melzner* v. *Northern Pac. Ry. Co.*, 46 Mont. 162, 127 Pac. 146, we had under consideration the following from section 6494, Revised Codes: "An action, or cause of action, or defense, shall not abate by death, or other disability of a party, or by the transfer of any interest therein.'' The history of our legislation upon the subject of abatement and revival was reviewed, and the conclusion was reached that in adopting the section in the language quoted above it was the intention to establish in this state a general survival statute. The remaining portion of section 6494 is adjective law. We are satisfied with that conclusion and that the cause of action survives the death of the party in the wrong as well as the death of the one whose rights are infringed.

The complaint contains all the allegations necessary to state a cause of action in favor of the bank and against Manning's estate; and that the cause of action relied upon is one created by statute, and not for the breach of an express contract, is too obvious to admit of discussion. Indeed, since Manning did not [2] sign the note, it would be impossible to state a cause of action against him or his estate for a failure to pay the note.

(Rev. Codes, sec. 5866; *Kohrs* **v.** *Smith,* 45 Mont. 467, 124 Pac. 275.)

2. Neither do we think that plaintiff pleaded itself out of court by the addition to the complaint of the unnecessary allegations respecting the execution and delivery of the original note or the substitution therefor of the renewal note and the acceptance of collateral security after Manning's death.  As already observed, the action is not founded upon the note, and neither the original note nor the note given in renewal had anything whatever to do with Manning's liability.  Assuming, for the [3] purposes of this appeal, that the changes wrought in the relationship of the parties by the substitution of the new note and the acceptance of security were such as to exonerate a guarantor or surety, the executor cannot profit thereby, for Manning was not a surety nor a guarantor for the corporation. In *Daily* v. *Marshall,* 47 Mont. 377, 133 Pac. 681, in discussing the general immunity from liability for the corporation's debts which may be enjoyed by the directors or waived by their failure to file the required annual report, this court said: ''They may render their immunity effective by doing this [filing the report] ; otherwise they are conclusively presumed to have assented to stand good *as sureties* for all the liabilities which they have permitted the corporation to assume.''  The question under consideration was the constitutionality of section 3850 above, and the language quoted is found in argument advanced to demonstrate that the statute does not impose a fine or penalty upon delinquent directors.  Apter language might have been employed.  The words ''as sureties'' might have been omitted, as they add nothing to the argument.  The expression as it appears is an unfortunate one, and all the more unfortunate if the trial court in this instance was misled into the belief that this court was on record in support of the proposition that the relationship of a delinquent director to his company is that of surety or guarantor.  That it could not have been the intention to declare such a rule, however, is manifest from the ·opinion as a whole.  In the same paragraph from which the language

above is taken, the court quotes with approval from *Fitzgerald* v. *Weidenbeck,* 76 Fed. 695, to the effect that the liability of delinquent directors to the corporation's creditors is a *direct* liability. The purpose of requiring such a report is to furnish information to those who conduct business with the corporation. If the report is filed and thereby made a public record, information concerning the corporation's financial condition and re- sponsibility is available to everyone. If for any reason the directors fail or refuse to furnish such information in the manner required by law, anyone becoming a creditor of the concern may rightly do so upon the faith of the individual re- sponsibility of the directors. The liability thus imposed is joint and several, direct and primary. The creditor's right of action is not dependent upon the insolvency of the corporation (7 R. C. L. 521), and neither the corporation nor other directors need be joined in the action. (*Fitzgerald* v. *Weidenbeck,* above; *Patterson* v. *Stewart (Patterson* v. *Minnesota Mfg. Co.),* 41 Minn. 84, 16 Am. St. Rep. 671, 4 L. R. A. 745, 42 N. W. 926; 10 Cyc. 856.)

3. The allegations of the complaint do not disclose payment of the original debt or a novation as defined in sections 4958 and 4959, Revised Codes. It is the general rule that the renewal [4] of a note without change in the parties operates only to extend the time of payment (*Bank* v. *Weston,* 159 N. Y. 201, 45 L. R. A. 547, 54 N. E. 40), and is not in any sense payment of the debt or discharge of the original obligation unless made such by special agreement (*Jagger Iron Co.* v. *Walker,* 76 N. Y. 521; *Griffith* v. *Grogan,* 12 Cal. 317; *Savings Bank* v. *Central Market Co.,* 122 Cal. 28, 54 Pac. 273). In the absence of an [5] affirmative showing that the renewal note was given and accepted as a discharge and payment of the original debt, the presumption of payment will not be indulged. (*Boston Nat. Bank of Seattle* v. *Jose,* 10 Wash. 185, 38 Pac. 1026.) While plaintiff might have omitted the historical recitals from its com- plaint with profit and without loss, their presence in the plead- ing does not render it subject to demurrer.

The judgment is reversed and the cause remanded, with directions to the lower court to overrule the demurrer of the defendant Union Bank & Trust Company as executor of the estate of James T. Manning, deceased.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

