KENNEDY, APPELLANT, *v.* ROGAN, ADMR., RESPONDENT.

(No. 3,621.)

(Submitted March 22, 1916. Decided April 12, 1916.)

[156 Pac. 1078.]

*Actions—Survival—Breach of Promise—Seduction—Executors and Administrators.*

1. Under section 6494, Revised Codes, an action for either breach of promise or seduction survives, and may be maintained against the administrator of the estate of defendant.

[As to notice of substitution after death of party, see note in 29 Am. St. Rep. 816.]

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Lizzie Kennedy against Hugh J. Rogan, as administrator of the estate of Patrick J. Rogan, deceased. Judgment for defendant and plaintiff appeals. Reversed.

*Messrs. Carleton & Carleton* and *Mr. Wm. T. Pigott,* for Appellant, submitted a brief; *Mr. Pigott* argued the cause orally.

*Mr. O. W. McConnell* and *Mr. Massena Bullard,* for Respondent, submitted a brief; *Mr. McConnell* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from a judgment in favor of defendant upon his general demurrer to the complaint. There is some discussion in [1] the briefs of counsel as to whether the action is one for damages for a breach of promise of marriage or for seduction. It is not necessary on this appeal to determine the nature of it. The question whether it should be classified as the one or the other does not even remotely affect the merits of the appeal, since the only question submitted for decision—to adopt the language of counsel for defendant—is "whether any provision can be found in the statutes of this state under which an action, or cause of action, such as the plaintiff in this case seeks to assert, can be maintained against the personal representative of a deceased person." The answer to this question is found in the first clause of section 6494, Revised Codes. The scope of this provision was considered, in the light of previous legislation on the subject, in *Melzner* v. *Northern Pac. Ry. Co.*, 46 Mont. 162, 127 Pac. 146, and again in the recent case of *First Nat. Bank of Missoula* v. *Cottonwood Land Co.*, 51 Mont. 544, 154 Pac. 582. In the latter case Mr. Justice Holloway, referring to the former, said: "The history of our legislation upon the subject of abatement and revival was reviewed, and the conclusion was reached that in adopting the section in the language quoted above it was the intention to establish in this state a general survival statute. The remaining portion of section 6494 is adjective law. We are satisfied with that conclusion, and that the cause of action survives the death of the party in the wrong as well as the death of the one whose rights are infringed."

Whatever difference of opinion may have existed prior to these decisions, further discussion of the subject must now be deemed foreclosed.

The judgment is reversed and the district court is directed to overrule the demurrer.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.