STATE ON ACCUSATION OF ALVORD, COUNTY ATTORNEY, RESPONDENT, *v.* RUSSELL, APPELLANT.

(No. 6,017.)

(Submitted January 9, 1929.   Decided January 30, 1929.)

[274 Pac. 148.]

*Mr. E. G. Toomey*, for Appellant, submitted a brief, and argued the cause orally.

*Mr. L. A. Foot*, Attorney General, and *Mr. C. N. Davidson*, Assistant Attorney General, for Respondent, submitted a brief; *Mr. Davidson* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

On January 20, 1926, the county attorney of Sanders county filed an accusation charging W. B. Russell, a member of the board of county commissioners, with knowingly, wilfully and corruptly charging and collecting illegal fees from Sanders county. The accusation contains fifteen counts. The defend-

ant appeared and demurred generally and specifically to each of the first eight counts. The demurrer was overruled; defendant entered a plea of not guilty and filed written answer, alleging, that if any of the fees described in the accusation were illegal and not a proper or legal charge against Sanders county, such facts were unknown to him; that he acted through an honest mistake, fully believing he had a right to make such charges and that the county has had value received for the fees charged and collected.

Trial by jury resulted in a general verdict finding the defendant "guilty of charging and collecting illegal fees." Judgment of ouster was entered. Motion for a new trial was denied. Defendant appeals from the judgment and order denying a new trial.

On September 28, 1928, defendant died, and his administrator, by motion made, requested that the appeal be continued in force and disposed of upon the merits. Counsel for respondent contends that the action abates.

The subject of abatement is regulated, in part, by section 9086, Revised Codes of 1921, which provides: "An action, or cause of action, or defense, shall not abate by death, or other disability of a party, or by the transfer of any interest therein, but shall in all cases, when a cause of action or defense arose in favor of such party prior to his death or other disability, or transfer of interest therein, survive, and be maintained by his representatives or successors in interest. * * * "

This is a general survival statute and where a cause of action or defense arose prior to the death of a person, such cause of action or defense survives and does not abate and shall be maintained by the personal representatives of the party. (*Melzner* v. *Northern Pac. Ry. Co.,* 46 Mont. 162, 127 Pac. 146; *First National Bank* v. *Cottonwood Land Co.,* 51 Mont. 544, 154 Pac. 582; *Kennedy* v. *Rogan,* 52 Mont. 242, 156 Pac. 1078; *Anderson* v. *Wirkman,* 67 Mont. 176, 215 Pac. 224.)

While it is true that Russell cannot be reinstated, his right to the per diem and mileage in ·dispute and giving rise to the charge of illegal collection, as well as to emoluments accruing to him between the date of his removal and his death, depends upon the validity of the judgment.

The law is settled in this state that when a public officer has █ been removed without legal cause, even though by one having authority to remove for cause, the removal is a nullity and such officer is entitled to the salary accruing after such removal, unless by his acquiescence he must be deemed to have abandoned his office. (*Peterson* v. *City of Butte*, 44 Mont. 401, Ann. Cas. 1913B, 538, 120 Pac. 483.) In this case there was no acquiescence on the part of defendant; a motion for a new trial was made within the time allowed by law, the motion was denied and this appeal followed. The action does not abate and will be disposed of upon the merits.

The accusation is predicated upon fees collected by defendant for supervising road work; supervising work on bridges; railroad fare on road business; laying out roads; work on bridges; attending State Highway and Bureau of Public Roads meetings; organizing and supervising road work; right of way matters; construction foreman; checking timber cruise; maintenance of bridges and construction work.

Plaintiff in support of the allegations of the accusation introduced in evidence the certified claims filed by the defendant, together with the warrants issued in payment of each item enumerated in the accusation. The testimony conclusively shows that in each instance the services for which claims were filed by the defendant were in fact rendered as set forth in each claim. Plaintiff did not deny that the claims were correct or that the defendant had actually performed the services described, but asserts that the fees collected were not authorized by law.

Defendant testified in his own behalf that he had acted in █ good faith, through an honest mistake, and that his services were worth the fees collected; that the services rendered

and the work performed were for the best interest of Sanders county. In support of his plea of good faith or honest mistake and value received by Sanders county, defendant sought to prove that prior to the time he assumed control and supervision of the Missoula River road, the county commissioners had received estimates made by engineers employed by the State Highway Commission; that the estimates so made were almost double the amount the road actually cost the county, that the cost of completed roads, built under his supervision, was less than they could have been built or constructed for either under the supervision of the State Highway Commission or by contract, the contractor making no profit. To this character of testimony objections were sustained and defendant assigns error upon these rulings. The court held that defendant could only show what like services were reasonably worth.

Section 11702, Revised Codes of 1921, expressly provides that the accused shall be entitled to offer evidence, as a matter of defense, of the *value received* by the county. There is nothing in the history of this section which indicates a legislative intent to restrict the proof as was done by the trial court. We are of opinion that the defendant should have been permitted to show, not only the value of his personal services, but also any other value received by the county as a result of the services rendered or work performed by him. This is the only reasonable construction to be placed on the language used in the statute.

It is common knowledge that, generally, the success or failure of road or other construction work depends, to a large decree, upon the qualifications, experience and ability of the person directly in charge of the undertaking. In this case defendant was entitled to show that, by reason of the services rendered by him, a substantial reduction in cost of construction of those roads built under his supervision was made. It was an important element of his defense and one to be considered by the jury under proper instructions.

Defendant next contends that the court erred in giving to the jury its instruction numbered 20. The instruction, after setting forth section 1632, Revised Codes of 1921, advises the jury that under this section a county commissioner may collect per diem and actual expenses for inspecting road work and proceeds: "but it does not authorize a county commissioner to charge and collect eight dollars per day and actual expenses for his personal services as a day laborer, or for manual labor, rendered day after day, as a common laborer on any highway or highways or work on any highway or bridge in the county."

The uncontradicted testimony shows that while the defendant was supervising road construction he did, when the occasion required, perform manual labor in connection with the road work. By this instruction the jury was told, in effect, that if the defendant performed manual labor, even though at the time he was supervising and inspecting road construction, any fee charged or collected was illegal. In other words, that the defendant could, under section 1632, supra, legally collect fees for inspecting roads, yet if, while acting in that capacity, he should, in order to hasten or assist in the work, perform manual labor, any fee charged and collected was illegal. We think this instruction prejudicial.

The right of a county commissioner to collect fees for inspecting roads under construction by the county was before this court in the case of *Fisher* v. *Stillwater County,* 81 Mont. 31, 261 Pac. 607. There plaintiff, a member of the board of county commissioners, sought to recover per diem for inspection work being done on public highways within the county in their construction and maintenance under authority of the board. While the claims presented by the plaintiff were for *inspection* work, the record clearly disclosed that in the discharge of his duties he did, at times, perform manual labor, and that the services were similiar in character to those rendered by the defendant in the instant case. The charges were held to be legal and proper against the county. After

quoting section 1632, supra, the court said: "There is nothing for this court to do other than to apply the language of the statute to the admitted facts. The statute is plain in its terms and easy of application, and thereby the county is made liable for inspection work regularly performed by a member of the board of county commissioners on highways or bridges within the county during the progress of the work. The language employed embraces work proposed or in progress within the county, and therefore the charges made by the plaintiff are authorized by law and he is entitled to payment at the rate of per diem prescribed by the statute."

The defendant objects to instruction numbered 23. "In good faith," as defined by the court in this instruction, "means not with bad, corrupt or evil belief, and without sufficient knowledge to put one on inquiry."

In its case in chief plaintiff had introduced in evidence, over defendant's objection, certain opinions of the attorney general of Montana. In one of these opinions the attorney general had held that neither the board of county commissioners, as a body, nor its members individually, are authorized by law to superintend work on public highways and draw per diem therefor. The second opinion held that county commissioners are not entitled to per diem and mileage or expenses in going out to view land for the purpose of adjusting differences in its classification. There was also before the jury a report of the state examiner criticising the board of county commissioners for allowing and paying claims for supervising road work. The county attorney testified to various conversations had with defendant upon the same subject.

By other instructions the jury was advised that it is the duty of a public officer to inform himself as to what fees or other compensation he can lawfully charge; that the county attorney and the attorney general are the legal advisers of the board of county commissioners, and "that ignorance of the law cannot be urged as an excuse for violating it."

'Considering this instruction in the light of the testimony and the instruction referred to, we think the defendant was virtually deprived of the defense of good faith. In effect, the jury was told that if they believed from the testimony that the defendant had sufficient knowledge to put him on inquiry, he did not act in good faith.

This instruction was applicable to each count contained in the accusation, was prejudicial and prevented defendant from having a fair and impartial trial.

For the foregoing reasons the judgment is reversed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and GALEN concur.

MR. JUSTICE ANGSTMAN, being disqualified, did not hear the argument and takes no part in the foregoing decision.