ELKHORN TRADING COMPANY, APPELLANT, *v.* TACOMA MINING COMPANY, ET AL., RESPONDENTS.

[Submitted June 14, 1895.  Decided June 17, 1895.]

CORPORATIONS—*Annual report—Liability of trustees.*—Under section 460, Fifth Division of the Compiled Statutes, every company is required to file an annual report showing, among other things, the amount of existing debts, and if any such company fails to do so, as provided in this section, all the trustees of the company become jointly and severally liable for all its indebtedness existing at the time such report should have been filed. (*Gans* v. *Switzer*, 9 Mont. 408, cited.)

SAME—*Estoppel to assert right of action against trustees.*—In the case at bar B. was the general manager of the plaintiff trading company and was also one of the trustees of the defendant mining company and kept the books of both companies. After the mining company had ceased operations, the trustees thereof, in order to make out the annual report required by section 460, Fifth Division of the Compiled Statutes, inquired of B. what the amount of the company's indebtedness was to the plaintiff. He informed them that the mining company did not owe anything to the plaintiff and that the indebtedness to others was but trifling and he advised them not to make any annual report. They relied upon B.'s statement and, so relying thereon, omitted to make and file the annual report. It appeared that the statements were made by B. in order that the plaintiff might secure a personal liability against a trustee of the mining company who was financially responsible. *Held,* that the plaintiff was estopped to assert a right of action against the trustees of the mining company for a debt due from it to the plaintiff.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION for debt.     The case was tried before BUCK, J.   Defendants had judgment below.     Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action for debt, brought against the respondents, Tacoma Mining Company and W. R. Rust.     The indebtedness is that of defendant the mining company.     Judgment was also demanded against defendant Rust on the ground that he was one of the trustees of the mining company, and, as such, neglected to file the annual statement required by the law of this state.

At the opening of the trial, the following stipulation was made:     "Before the introduction of any testimony, it was stipulated by and between the plaintiff and the defendant in the above-entitled action, in open court, that the plaintiff should recover judgment against the said defendant the Tacoma Mining Company for the sum of $1607.11; and that, unless this court should find that the defense of the defendant Rust constitutes a bar to this action as to him, the plaintiff is entitled to recover that amount from the said defendant Rust, as one of the trustees of the said defendant corporation."

It was admitted on the pleadings, by Rust, that the Tacoma Mining Company did not in the year 1891 file their annual statement, as required by section 460, div. 5, Comp. St., which is as follows:     "Every such company shall, annually, within twenty days from the first day of September, make report, which shall be published in some newspaper published in the town, city or village, or if there be no newspaper published in said town, city or village, then in some newspaper published nearest the place where the business of said company is carried on, which shall state the amount of capital and of the proportion actually paid in and the amount of existing debts, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of

the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on, and if any of said company shall fail to do so, all the trustees of the company shall be jointly and severally liable for all debts of the company then existing, and for all that shall be contracted before such report shall be made. No liability shall attach to any trustee, or board of trustees, by virtue of the provisions of this section, for a failure to cause to be published in a newspaper the report in this section mentioned, if within the time herein mentioned said trustee, or board of trustees, or company, shall annually cause said report to be filed in the office of the county clerk and recorder of the county in which the business of the said company is carried on, as declared in its certificate of incorporation.''

In defense against his personal liability as trustee, defendant Rust pleaded an estoppel. The facts constituting the estoppel were as follows: George J. Bottcher had general charge of the business of the Elkhorn Trading Company, located at the town of Elkhorn. He was treasurer and local manager, and had general local supervision. He had charge of all the accounts. The Tacoma Mining Company was doing business near the town of Elkhorn. Bottcher was also one of the trustees of and a stockholder in the mining company. He kept the books also of the mining company. The financial business of the mining company was transacted through the trading company. All remittances for ores sold by the mining company were sent to the trading company, and placed to the credit of the mining company on the trading company's books. The latter was the disbursing agent of the mining company. In the summer of 1891 it appeared that the mining company ceased operations. The trustees of the mining company went to Mr. Bottcher, at his place of business, for the purpose of making out the annual statement of the mining company, as required by section 460, *supra*. In order to make out such statement, they inquired of Bottcher what the indebtedness of the mining company was to the trading company. Bottcher

informed them that the mining company did not owe the trading company anything whatever, and that the mining company had no debts at all, except $30, which was due to persons other than the trading company, and that, therefore, it was not necessary to make out any annual statement. Bottcher advised them not to make such statement, for the reason that they owed no debts, except the $30, and that there was enough money in the hands of the trading company to pay that amount. The trustees of the mining company believed what Mr. Bottcher told them. They had no other means of obtaining the information as to whether the mining company owed the trading company, Bottcher being the bookkeeper for both concerns. They relied upon Mr. Bottcher's statement, and, so relying upon it, omitted to prepare and file the annual statement. Afterwards, and in November, Bottcher presented to the trustees of the mining company the claim for indebtedness upon which this action is brought. It furthermore appears by the testimony of Smith, one of the trustees of the mining company, that at that time, in November, and after it was too late to file the statement for that year, under the statute, Bottcher told said trustee Smith that the reason he had not presented this statement of indebtedness before was that if the Tacoma Mining Company did not file an annual statement, as required by law, W. R. Rust was the only person responsible in the Tacoma Mining Company, and that he would have to pay the debts, thereby saving the Elkhorn Trading Company.

Such is a brief resume of the facts. The case was tried to the court without a jury. The court found that these facts constituted an estoppel in favor of Rust, as against the plaintiff, and rendered judgment for defendant Rust. From the judgment in favor of Rust, and from an order denying a new trial, the plaintiff appeals.

*George F. Shelton* and *Henry N. Blake*, for Appellant.

. Section 460, fifth division of the Compiled Statutes has been construed by this court in *Gans* v. *Switzer*, 9 Mont. 408.

The plaintiff maintains that it was decided in that case that there could be no exception to the mandatory language of said section. (See the opinion in that case, pages 414, 416, and 418: see, also, the language of this court in *Teitig* v. *Boesman Bros.*, 12 Mont. 454.) Similar statutes of other states have received the same construction. (*Merchants' Bank* v. *Bliss*, 35 N. Y. 416, 417; *Miller* v. *White*, 50 N. Y. 139, approved and quoted in *Gans* v. *Switzer, supra*; *Whitney A. Co.* v. *Barbour*, 62 N. Y. 65, 66; *Whitney* v. *Cammann*, 137 N. Y. 342; *Gregory* v. *German Bank*, 3 Colo. 333, 334; *Larson* v. *Fames*, 1 Colo. App. 315; *Thayer* v. *New England Co.*, 108 Mass. 528.) Sections 458, 460, 461, 462 and 463 should be construed together to arrive at the legislative intent that other subjects of the reports are deemed as vital as debts. There is no allegation in the answer of Rust, and there is no testimony that Bottcher or any agent of the Elkhorn Trading Company ever said anything to cause the trustees of the Tacoma Mining Company to neglect or fail to publish or file the report, showing the amount of capital and of the proportion actually paid in to the Tacoma Mining Company. According to the foregoing authorities the public is entitled to this information. The testimony does not prove that any regular meeting of the trustees of the Tacoma Mining Company was held at its place of business to consider the publication or to file said report. The answer alleges that Rust, Smith and Bottcher were together at the office of the Elkhorn Trading Company in August, 1891. It does not appear from the testimony that there was any notice of this meeting or formality of any kind. No record of this meeting was offered in evidence. The trustees did not duly assemble and said meeting had no validity, and the testimony thereof, to which the appellant objected, should have been excluded by the court below. (Angel & Ames Corp. § 496; *Doernbecher* v. *C. C. L. Co.*, 21 Or. 573; S. C. 28 Am. St. 766; *Wiggin* v. *Free Will B. Church*, 8 Met. 301; *San. B. M. Co.* v. *Vassault*, 50 Cal. 534; *Smith* v. *Dorn*, 96 Cal. 82, 83.) It should be observed that a majority of the trustees referred to by the witnesses for Rust, comprise

Rust, J. T. Smith and Bottcher, and without Bottcher there is
no proof that the majority of said trustees ever met at any
time or place.   Yet under such circumstances the court below
held that Bottcher was acting for the appellant alone, and not
as a co-trustee with Rust and Smith of the Tacoma Mining
Company.   Under the issues in this case, the statements of
Bottcher could not justify Rust in failing to comply with the
plain letter of said section 460.   Neither the Elkhorn Trading
Company, nor any other corporation, can clothe an agent with
power to violate a law or procure its violation by others.
(Story on Agency, § 11; Mechem on Agency, §§ 19, 20.)
Conceding for the sake of argument that Bottcher made the
statements imputed to him by Rust and Smith, their real im-
port was to induce Rust to disobey a statute, which public
policy upholds.   A defense of this character should not be
tolerated.

*Ashburn K. Barbour,* for Respondent.

Where a company induces a purchaser of its stock to alter
his condition by relying upon its assurances that it has no ad-
verse claim on the stock, it cannot be permitted to assert a
lien thus lost by its own latches, and the enforcement of which
would operate as a fraud.   (*Cecil Nat'l Bank of Port Deposit*
v.   *Watsontown Bank,* 105 U. S. 217-223;   *Cocheco Nat'l
Bank* v. *Haskell,* 51 N. H. 116; *Sturges & Co.* v. *Bank of
Circleville,* 11 Ohio St. 153.)   "A fact once admitted by a
corporation, through its officers duly and properly acting
within the scope of its authority, is evidence against it, and
cannot be withdrawn to the prejudice of any one who in reli-
ance thereon has changed his situation in respect to the matter
affected thereby." (*O'Leary v. the Board of Education of the
City of New York,* 93 N. Y. 1.)   A principal is bound by the
acts of his agent, and declarations in carrying out and transact-
ing any business delegated to him.   (Mechem on Agency,
§ 714 and note, § 743.)   Bottcher was surely acting within
the apparent scope of his authority when called upon by a

debtor of the concern for a statement of the accounts for the purpose of securing a settlement, he made the statement set forth in respondent's answer. (*Tome* v. *Parkersburg Branch R. R. Co.*, 39 Md. 36; *West Maryland R. R. Co.* v. *Franklin Bank*, 60 Md. 36.) Where one by his own words willfully causes another to believe in a certain state of facts, first stating that he is not the owner of certain property, and thus inducing him to act upon such belief, so as to lose his own previous condition, the former is concluded from afterwards averring against the latter a different state of things from what he then represented. (*Blodgett* v. *McMurtry*, 52 N. W. Rep. 707, and cases therein reviewed; *St. Louis Wrought Iron Co.* v. *Range Company*, 48 N. W. Rep. 395; *Davis* v. *Handy*, 37 N. H. 65; *Insurance Co.* v. *Mahone*, 21 Wall 152; Mays case, 25 Wis. 306; Wilkinson's case, 13 Wall 223.) The false statements of Bottcher did surely cause the respondent and J. T. Smith to alter their position, by inducing them to abstain from filing the annual report of the mining company, and thereby subject themselves to personal liability, if the appellant is now permitted to aver a different state of facts against them. The provisions of the general manufacturing act, making the trustees of a corporation organized thereunder liable for the debts in case of failure to file the annual report required by the act, does not include an indebtedness imposed upon the corporation by fraud or improper practice of the creditor. (*Adams* v. *Mills*, 60 N. Y. 533; *Fouch, assignee,* v. *Brown,* 74 Ga. 251.) For a recent and exhaustive case on the subject of the liability of a corporation upon the fraudulent representations of its agents, and that when the statements are not authorized by the company, see *Nevada Bank* v. *Portland Nat'l Bank*, 59 Fed Rep. 338. The proposition that a director of a company acting avowedly for himself or on behalf of another with whom he is interested in any transaction, cannot be treated as the agent of a corporation therein, is well sustained by authority. (*Innerity* v. *Merchants' Nat'l Bank*, 139 Mass. 332; 52 Am. Rept. 713, and cases therein cited by the court; *First Nat'l Bank of Hagertown* v. *Christopher*, 40 N. J. l. 435; *Winchester &*

*Lemmon* v. *Baltimore & Co. R. R. Co.*, 4 Md. 235; *Wicker-sham* v. *Chicago Zinc Co.*, 18 Kans. 481; *First Nat'l Bank* v. *Harris*, 10 Fed. 256; *Dillavay* v. *Butler*, 135 Mass. 479; Mechem on Agency, § 723 and note.) It was not essential that these directors should have been assembled in a formal meeting in order to be deceived by the false representations of Mr. Bottcher. It will be presumed in the absence of evidence to the contrary, that all of the directors of the company were duly notified of the meeting. (*Choutau Ins. Co.* v. *Holmes*, 68 Mo. 601; *McDaniels* v. *Flower Brook Mfg. Co.*, 22 Vt. 274; *Wells* v. *Rahway White Rubber Co.*, 19 N. J. Eq. 402; *Leavitt* v. *Oxford & Co. Min. Co.*, 3 Utah 265; *Chamberlain* v. *Painsville & Co. R. R. Co.*, 15 Ohio 225.)

DE WITT, J.—It is clear that under section 460, Fifth Division of the Compiled Statutes, defendant Rust, by reason of the neglect of himself and the other trustees of the Tacoma Mining Company to file its annual statement, became liable for the indebtedness here sued upon by the plaintiff. (*Gans* v. *Switzer*, 9 Mont. 408.) But, under the facts in this case, may the plaintiff assert Rust's liability? Is not plaintiff estopped? It was clearly within Bottcher's authority, as general manager of plaintiff, to state what the indebtedness was of the mining company to plaintiff. Bottcher was the only person who knew the facts. He kept the books of both companies. (See statement of the case preceding this opinion.)

Some of the general principles of estoppel we find epitomized in Herman on Estoppel and Res Judicata (volume 1, § 7), as follows: " (1) If a man, by his words or conduct, willfully endeavors to cause another to believe in a certain state of things which the first knows to be false, and if the second believes in such a state of things, and acts upon his belief, he who knowingly made the false statement is estopped from averring afterwards that such a state of things did not in fact exist. (2) If a man, either in express terms or by conduct, makes a representation to another of the existence of a certain state of facts which he intends to be acted upon in a certain

way, and it is acted upon in that way, in the belief of the existence of such a state of facts, to the damage of him who so believes and acts, the first is estopped from denying the existence of such a state of facts.''

These are elementary principles. Let us apply to them the facts in this case. The plaintiff acted through Bottcher, its agent. Bottcher acted within his authority. He was cognizant of all the facts, and the only person who knew them. He willfully endeavored to cause the defendants to believe a certain state of things, to wit, that the mining company did not owe anything to the plaintiff. He knew that that statement was false, and it appears in testimony that he said that he made that statement for the purpose of inducing the mining company and its trustees to refrain from filing their annual statement, in order that the plaintiff, of which he was manager, might secure a personal liability against defendant Rust. The defendant Rust believed these false statements. He relied upon them. He acted upon this information and belief. If the trustees of the mining company had not so relied upon this information and belief, they would have filed their annual statement, and then there would have been no personal liability on the part of Rust as trustee. Therefore, applying the rule of estoppel, plaintiff cannot now aver, as against Rust, that there was a debt of the trading company against the mining company. This seems to be a perfectly clear case of estoppel. While it is true that plaintiff has, under the statute, its right of action against defendant Rust, it is also equally true, under the rules of estoppel, that the court will not hear the plaintiff assert it.

It is claimed by the appellant that section 460, *supra*, is a penal statute, and that the penalty, being incurred, must be enforced. Whatever may be the exact meaning of the expression ''penal'' (*Gans* v. *Switzer*, 9 Mont., at page 413), here the fact is that the person in whose favor the penalty is given by the statute is the person who willfully deceived defendant Rust, and deliberately induced him to place himself in a position where the plaintiff hoped to be able to enforce the penalty.

However true it may be that the penalty was incurred, there is no reason for setting aside the well-recognized doctrine of estoppel in such a clear and simple case as this. The plaintiff cannot take advantage of its own wrong, deception and fraud. This court will not listen to such a proposition for a moment. It is shocking to law and to morals. The judgment is affirmed. Remittitur forthwith.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.

