# THE STATE SAVINGS BANK OF BUTTE CITY, APPELLANT, *v.* JOHNSON ET AL., RESPONDENTS.

[Submitted June 30, 1896. Decided July 13, 1896.]

STATUTE OF LIMITATIONS—*Action for penalty—Failure of trustees to file annual report.*—An action to recover from the trustees of a corporation an indebtedness of the corporation for which they had become personally liable for failure to file an annual report as required by statute. is, for the purpose of applying the statute of limitations, an action for a penalty, and therefore within section 45, of the Code of Civil Procedure (1887), providing that an action for a penalty shall be commenced within one year from the time the cause of action accrued.

SAME—*Annual report of corporations—Failure to file—Successive defaults.*—The liability of trustees of a corporation for failure to file an annual report must be enforced in an action commenced within one year from the time of the default, and the continuance of the default in successive years does not have the effect of renewing the liability on each default.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for a penalty. Judgment was rendered for the defendants below by McHATTON, J. Affirmed.

Statement of the case by the justice delivering the opinion.

Upon the sustaining of the defendants' demurrer to the complaint, judgment was rendered in their favor, and the plaintiff appeals.

The complaint sets up that the Bighole Lumber Company is, and since May 4, 188–, has been, a corporation organized under the laws of the state of Montana, and that the defendants Trask, Johnson and Williams are, and ever since the organization of the corporation have been, its trustees. This action was brought against these three trustees. It appears by the complaint that the Bighole Lumber Company became indebted to the plaintiff as follows: $2,048.50 August 1, 1892; $1,492.71 June 10, 1891; $1,362.15 June 1, 1891, and $1,042.12 June 6, 1892. These sums have never been paid. The Bighole Lumber Company never made any report as required by the statutes of the state, and for this reason plaintiff seeks to charge the trustees with the amounts above mentioned. (*Gans* v. *Switzer*, 9 Mont. 408.)

The demurrer was upon the ground that the action was barred by the provisions of section 45, Code of Civil Procedure, 1887. That section provides that an action for a penalty or a forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation, shall be commenced within one year from the time the cause of action accrued.

The contention upon the demurrer was that the action of this plaintiff against the trustees of the Bighole Lumber Company was one for a penalty, and therefore was barred, because the last item of the indebtedness against the Bighole Lumber Company accrued on August 1, 1892, and the default of the trustees in making a report occurred on September 20, 1892, and that this action was not commenced until February, 1894, which was more than one year after the accruing of the cause of action.

*Robinson & Stapleton*, for Appellant.

*Corbett & Wellcome*, for Respondents.

DE WITT, J.—There are only two points to be decided in this case: (1) Is this an action for a penalty? If it is, the cause of action accrued as to some items on September 20,

1891, and in 1892 as to others, when the trustees failed to make their reports, and more than one year elapsed from then to the commencement of this action.   This would be sufficient to dispose of the case, except that it is contended further (2) that, even if the year's limitation has run since September 20, 1891 or 1892, still it appears by the complaint that the trustees again defaulted on September 20, 1893, and therefore again started the cause of action running.   These two questions will be examined.

1.   Is the action one for a penalty?   We have no doubt that this action is one for a penalty, as far as the application of the statute of limitations is concerned.   (*Halsey* v. *McLean*, 12 Allen, 438; *Bank* v. *Bliss*, 35 N. Y. 412; Kerr, Bus. Corp.; *Larson* v. *James*, (Colo. App.) 29 Pac. 183; *Irvine* v. *McKeon*, 23 Cal. 472; *Chase* v. *Curtis*, 113 U. S. 452, 5 Sup. Ct. 554; *Engine Co.* v. *Hubbard*, 101 U. S. 188; 2 Mor. Priv. Corp. § 907; 3 Thomp. Corp. §§ 4144, 4166; 1 Cook Stock, Stockh. & Corp. Law, § 223.)

A statute of this nature is not universally held to be penal. (Thompson on Corporations, § 4165; Morawetz on Private Corporations, § 907, *et seq.*)   But we are of opinion that, in applying the appropriate section of the statute of limitations, the action is classified as penal.   (*Gans* v. *Switzer*, 9 Mont. 413; *Elkhorn Trading Co.* v. *Tacoma Min. Co.* 16 Mont. 322; *Whethey* v. *Kemper*, 17 Mont. 491.)

Therefore, the action being for a penalty, the cause of action is barred in one year from the accruing thereof.   (Code Civil Procedure, 1887, § 45.)   The accounts against the corporation matured at different times during the years 1891 and 1892. The trustees defaulted in making their report, required by law, both in 1891 and 1892, and, indeed, during every year. As to some of the accounts, the cause of action arose against the trustees upon their default in 1891, and upon others in 1892.   This action was commenced in 1894.   Therefore as to all of the accounts more than one year had run since the accruing of the liability by the trustees by reason of their default in filing the papers required by law.

2. These views would be sufficient for the decision of the case were it not that the appellant makes another contention. It is this : That while the liability which a trustee had incurred by reason of his default on September 20, 1892, was barred in one year,—that is to say on September 20, 1893,— still he defaulted again on September 20, 1893, and another period of one year's liability commenced to run. But this view is not sustained by the decided cases. The case of *Gans* v. *Switzer* is not, in its facts in point upon this proposition. We have not been able to find that any of the text writers sustain the position of the appellant, except that Mr. Kerr, in his work on Business Corporations, at page 183, makes the following remarks :

"A trustee in office at the time the corporation fails to make its annual report is liable for all the existing debts of the company, and such as may thereafter be contracted until the report is filed; and such liability attaches upon each default of the company·as long as the trustee remains in office, so that, although there have been similar successive defaults of the company, and the first of which was more than three years before suit brought, but the last within three years, the action is maintainable upon the last default, and the statute of limitations is not a bar. A new and original liability is created on each default, and, if any of the defaults are within three years, such default may be made the foundation of the action. The creditor is not bound to confine himself to the first default."

The authority of the writer for this statement is in the case of *Nimmons* v. *Tappan*, 2 Sweeney 652. This case was decided in the superior court of the city of New York in 1870. Mr. Kerr's book was written in 1890, and it seems that he takes his law from a decision of a *nisi prius* court, when it was the fact that at that time the court of appeals of New York had held precisely the contrary. (*Losee* v. *Bullard*, 79 N. Y. 404; *Rector, etc., of Trinity Church* v. *Vanderbilt*, 98 N. Y. 170.) In the former case, in the court of appeals, Rapallo, J., said :

"The appellants claim that the failure to file the certificate

in each year after 1868 created a new liability on the part of the defendant, and that consequently the default in 1873 and the subsequent years can be resorted to for the purpose of maintaining this action and avoiding the effect of the statute of limitations. We think this position untenable for two reasons. In the first place the statute requires that the action be brought within three years from the time the cause of action accrued.

This action was for a statutory penalty. This penalty, if it ever was incurred, was completely incurred in 1868, and the testator of the plaintiffs could then have brought his action therefor. We do not think that the continuance of the default in successive years had the effect of renewing the liability of the respondent, as would a new promise or a payment on account in the case of a liability founded on a contract." (*Losee* v. *Bullard*, 79 N. Y. 406.) No authority for appellant's position is presented, other than this discredited case of *Nimmons* v. *Tappan*, 2 Sweeney 652.

We are of opinion that the demurrer to the complaint was properly sustained, and the judgment will therefore be affirmed.

*Affirmed.*

HUNT, J., concurs. PEMBERTON, C. J., not sitting.