FIRST NATIONAL BANK OF BROCKTON, RESPONDENT, v.
COSIER ET AL., APPELLANTS.

(No. 5,030.)

(Submitted January 30, 1923. Decided March 1, 1923.)

[213 Pac. 442.]

*Corporations — Annual Statement — Liability of Directors —*
*Statute Controlling—Repeal of Statute—Absence of Saving*
*Clause—Effect on Rights Accrued.*

Corporations—Annual Statement—Statute Controlling.
  1.   Prior to the enactment of Chapter 189, Laws of 1919 [now sec.
  6003, Rev. Codes 1921] amending Chapter 140, Laws of 1909, and
  repealing all Acts in conflict therewith, corporations were required
  to file annual statements of their financial condition within twenty
  days after December 1 of each year.  By the Act of 1919, effective
  from March 10 of that year, the date of filing the statement was
  changed to March 1 of each year.  The plaintiff in July, 1919,
  brought suit against the directors of a corporation individually to
  recover on a note of the corporation, due in April, 1919, for failure
  to file such statement.  *Held,* that under the Act of 1919 the state-
  ment was not required to be filed before March 1, 1920, that there-
  fore the company was not in default at the time the action was
  commenced, and hence, there being no existing liability on the part
  of the directors at that time, the complaint did not state a cause
  of action.
Same—Statutes—Repeal—Existing Rights—Absence of Saving Clause—
  Effect.
  2.   *Held,* under the decision in *Continental Oil Co.* v. *Montana Con-*
  *crete Co.,* 63 Mont. 223, that the Act of 1919 having repealed the
  prior Act without reservation or clause saving rights accrued under
  the repealed Act, any right that plaintiff may have acquired under
  the prior statute to proceed against the directors was taken away.

*Appeal from District Court, Roosevelt County; C. E. Comer,*
*Judge.*

ACTION by the First National Bank of Brockton against
H. M. Cosier and others.  From a judgment for plaintiff, and
an order refusing a new trial, defendants appeal.  Reversed,
with directions.

*Mr. George E. Ericson* and *Mr. Howard M. Lewis,* for Ap-
pellants, submitted a brief; *Mr. Lewis* argued the cause orally.

The case at bar was commenced on the twenty-ninth day of
July, 1919.  According to the complaint, the debt matured to

the twentieth day of April, 1919, and subsequent to the first day of March, 1919, pleaded as the last day of default in filing a report. Plaintiff cannot rely on a default prior to the time this note became an existing debt and the note did not become an existing debt until April 20, 1919. As the law now reads, as amended, defendants were required to file an annual report before March 1, 1920. That time had not as yet arrived when the defendants were confronted with this action. The statute is penal. All doubts are in defendants' favor, and a strict construction applies. Measured by that yard-stick, the only safe conclusion which we can arrive at is that plaintiff has not brought itself clearly within the statute; that the action is prematurely commenced; that the complaint fails to state a cause of action.

It has been held in New York: "When a corporation at a time when it was in default for failing to file its annual report, indorsed a note which did not fall due until after the corporation's next annual report had been filed, the directors are not personally liable thereon, as the liability on the note did not become a debt until after default by the maker and notice to the indorser." (*Western Nat. Bank* v. *Faber,* 29 Misc. Rep. 467, 62 N. Y. Supp. 82; see, also, 10 Cyc. 867, 868.) Debt must be actually due.

*Mr. Erick Moum* and *Messrs. Warren & Hildebrand,* for Respondents, submitted a brief; *Mr. George W. Farr,* of counsel, argued the cause orally.

The complaint in this case was filed on July 29, 1919; the note owned by the plaintiff bank was made by Lohmiller Mortgage and Loan Company on April 20, 1918, and all of the defendants were directors of the said corporation at that time and until June 1, 1918, taking their own admissions of this fact, and it does not appear from the record in this case that any report was ever filed at any time whatsoever, as alleged in plaintiff's complaint. Hence, we contend that the action was not prematurely commenced, in that defendants

were all directors when the indebtedness was incurred, that is, when the note which represented the indebtedness of the Lohmiller Mortgage and Loan Company to the plaintiff bank was made. (*First National Bank* v. *Cottonwood Land Co.,* 51 Mont. 544, 154 Pac. 582; *Daily* v. *Marshall,* 47 Mont. 377, 133 Pac. 681; *Wilcox Co.* v. *Moshier,* 114 Mich. 64, 72 N. W. 117; see, also, 7 R. C. L., p. 514, par. 498, and cases cited; *Breitzke* v. *Bank of Grand Prairie,* 124 Ark. 495, Ann. Cas. 1918D, 792, 187 S. W. 660; *Thatcher* v. *Solomon* (Colo. App.), 64 Pac. 368.)

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges that the plaintiff is a banking corporation under the laws of the United States; that the Lohmiller Mortgage Loan Company at all times since March 12, 1917, had been a corporation under the laws of the state of Montana, organized and conducted for profit, with a capital stock, and not a bank, trust company, or building and loan association; that during said times the defendants were the directors thereof; that on April 20, 1918, the Lohmiller Mortgage Loan Company made, executed and delivered to the plaintiff its promissory note for the sum of $2,500, due in one year, with interest at the rate of ten per cent per annum, which was owned by the plaintiff and had not been paid; that neither the said Lohmiller Mortgage Loan Company nor the defendants had at any time filed with the clerk and recorder of the county in which its principal place of business was located any report containing the statements required by the provisions of section 3850 of the Revised Codes of 1907 or of the Act of the Legislative Assembly approved March 11, 1909 (Laws 1909, Chap. 140), or of the Act of the Legislative Assembly approved March 10, 1919 (Laws 1919, Chap. 189); that plaintiff had demanded of the defendants that they pay the amount of said note, and the payment thereof had been refused, and prayed for judgment against them for the amount of the note, with interest and costs. To this complaint the

defendants demurred on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled. The defendants answered, and a trial of the cause was had before a jury. At the close of all the testimony the court directed a verdict in favor of the plaintiff, upon which judgment was entered, from which, as well as from an order overruling their motion for a new trial, defendants have appealed to this court.

The first specification of error is that the court erred in overruling defendants' demurrer to the complaint. As above indicated, the theory upon which plaintiff sought to hold [1] defendants liable for the amount of the debt of the Lohmiller Mortgage Loan Company was that they were directors of the corporation at all times after March 12, 1917, and that the corporation had failed to comply with the requirements of the law by not filing an annual report.

The statute in force during the times mentioned in the complaint down to March 10, 1919, was embraced in Chapter 140, Session Laws of the Eleventh Legislative Assembly, page 217, approved March 11, 1909, and provided that a corporation such as the Lohmiller Mortgage Loan Company should annually, within twenty days from and after December 31st, file in the office of the clerk of the county in which its principal place of business was located a verified report, showing "the amount of the capital stock, the proportion thereof actually paid in and the amount thereof actually paid in cash and the amount issued, if any, in payment of property purchased and the amount of existing debts and also the names and addresses of the directors or trustees and of the president, vice-president, general manager and secretary of the corporation," and that if such corporation should fail to file such report, the directors thereof should be jointly and severally liable "for all debts or judgments of the corporation then existing, or which may thereafter be in any wise incurred until such report shall be made and filed."

At the session of the Sixteenth Legislative Assembly in 1919 an Act was passed (Laws of 1919, Chap. 189, page 356), section 1 of which was as follows: "That section 1, Chapter 140 of the Laws of the Eleventh Legislative Assembly of the state of Montana be amended so as to read as follows." This Act provided that *thereafter* corporations such as the Lohmiller Mortgage Loan Company should, by March 1st of each year, file a verified report showing the condition of the corporation on the last preceding thirty-first day of December, the information which it was required to contain being substantially like that which had theretofore been required under the provisions of the Act of 1909 above quoted. By the provisions of sections 3 and 4 of this Act all Acts and parts of Acts in conflict therewith were repealed, and the same was to be in full force and effect from and after its passage and approval. This Act was approved March 10, 1919.

It will thus be observed that the Act of March 11, 1909, was repealed by the Act of March 10, 1919, and that under the provisions of the last-mentioned Act no report was required to be filed by a corporation until March 1, 1920. Between March 10, 1919, and March 1, 1920, there could have been no default on the part of the corporation in failing to file a report.

Attention is now directed to the fact that the note which was [2] made the basis of the liability sought to be imposed upon the defendants was dated April 20, 1918, and became due on April 20, 1919, and that this action was begun by filing the complaint on July 29, 1919.

In the case of *Continental Oil Co.* v. *Montana Concrete Co.,* 63 Mont. 223, 207 Pac. 116, this court had under consideration a similar situation with reference to section 3837 of the Revised Codes of 1907, which, among other things, forbade the directors of a corporation to "create debts beyond their subscribed capital stock," and as a penalty for a breach of this duty made them liable to the creditors of the corporation for the full amount of the "debt contracted." While this statute was in force the directors of the defendant corporation had in-

curred debts on its behalf exceeding by $25,000, the amount of its subscribed capital stock. On March 9, 1918, the plaintiff in the action had recovered a judgment against the corporation which it had been unable to satisfy on execution against it, and sought in the above-mentioned case to have a receiver appointed "to the end that its right of action against the directors might be prosecuted, the amount of their liability recovered, and plaintiff's judgment satisfied." The application for appointment of a receiver was denied, and plaintiff appealed from the order of denial. On February 21, 1919, section 3837, *supra,* was amended by striking out the portions thereof above included in quotation marks, and it was held that by this amendment the right of the creditors to proceed against the directors for recovery under the statute was taken away, and that the application for appointment of a receiver to aid them in that behalf was properly denied.

In principle, the questions involved in that case were identical with those in the instant case. The discussion there was so exhaustive, so replete with citations of authority, that we deem it unnecessary to do more than refer to it to sustain our conclusion in this case. It was there held that a statute like the one now under consideration is penal in character; that when the legislature declares, as in this case, that an existing statute is to be amended "so as to read as follows," it thereby evinces an intention to make the new Act a substitute for the old one, and that so much only of the original Act as is repeated in the new one is continued in force, and all portions omitted from the new Act are repealed; that the repeal of a statute without any reservation takes away all remedies existing under it, particularly so when the repealed Act creates a cause of action providing a remedy not known to the common law; that the repealing Act was not invalid as interfering with vested rights, since the directors' liability under such a statute is not founded upon contract, and there is no vested right in an unenforced penalty; that the repealing Act was not violative of any constitutional provision as being retroactive,

and that we have no saving clause applicable to statutes generally which reserves to plaintiffs a right of action under the statute after its repeal.

Applying these established rules to the case under consideration, it is apparent that the Act of March 10, 1919, deprived plaintiff of any right it might have to proceed against the defendants to enforce their liability as directors under the previously existing statute, and that the Lohmiller Mortgage Loan Company was not in default under the 1919 Act when this action was begun on July 29, 1919, since it had until March 1, 1920, in which to file a report, and therefore there was no existing liability on the part of the defendants.

Since there was no liability, it follows that the complaint did not state a cause of action against the defendants, and that the demurrer thereto should have been sustained. From this conclusion it is obvious that the complaint cannot be amended so as to entitle the plaintiff to any relief against the defendants, and therefore a new trial is not necessary.

The appeal from the order denying the motion for a new trial is affirmed. The judgment is reversed, and the cause remanded to the district court of Roosevelt county, with directions to dismiss the action.

*Reversed with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.