ANDERSON, RESPONDENT, *v.* EQUITY CO-OPERATIVE ASSOCIATION OF ROY ET AL., APPELLANTS.

(No. 5,172.)

(Submitted April 28, 1923.   Decided May 14, 1923.)

[215 Pac. 802.]

*Corporations — Co-operative   Associations—Directors—Failure to   File   Annual   Report — Penalty — Statutory   Provisions Applicable.*

1.  The provisions of section 6003, Revised Codes of 1921, declaring that the directors and trustees of a corporation who fail to file with the county clerk and recorder of the county of its principal place of business an annual report of its condition shall jointly and severally be liable for all corporate debts or judgments then existing, or which may thereafter be incurred, until such report is made and filed, are applicable to co-operative associations organized for profit.

*Appeal from District Court, Fergus County; Rudolph Von Tobel, Judge.*

ACTION by P. E. Anderson against the Equity Co-operative Association of Roy and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*Mr. John A. Coleman* and *Mr. S. W. Pennock,* for Appellants, submitted a brief; *Mr. Ulysses A. Gribble,* of Counsel, argued the cause orally.

The statutory requirements relative to corporations filing an annual statement as provided cannot apply to associations or co-operative associations formed and organized under sections 6375–6396, Revised Codes of 1921. (*Steck* v. *Prentice,* 43 Colo. 496, 95 Pac. 552.)

*Mr. Oscar O. Mueller,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF COMMISSIONER FELT prepared the opinion for the court.

This case was submitted to the court below upon an agreed statement of facts. Judgment was rendered thereon in favor of the plaintiff and against all of the defendants. They all appeal from the judgment.

The only question raised by the appeal is whether the [1] requirements of section 6003 of the Revised Codes of 1921 and the penalty therein contained apply to co-operative associations organized under the provisions of sections 6375 to 6396, inclusive. The statute in question provides: "Every corporation, having a capital stock, except banks, trust companies, and building and loan associations, shall by March 1 of each year hereafter, file in the office of the county clerk and recorder of the county in which the principal place of business of such corporation is situated, a report of the condition of said corporation on December 31 preceding. * * *

If the directors or trustees of any corporation shall fail to file such report, the directors of the corporation shall jointly and severally be liable for all debts or judgments of the corporation then existing, or which may thereafter be in anywise incurred until such report shall be made and filed. * * * "

The chapters of the Code governing the corporations excepted from the provisions of the foregoing section, namely, banks, trust companies, and building and loan associations, have special provisions requiring the filing and publication of reports informing the public as to their financial condition. They also have special penalties for failure to comply with the requirements in that respect. We are therefore convinced that it was the intention of the legislature to require all private corporations, organized for profit, to furnish information as to their financial condition, which information shall be a matter of public record for the benefit of those who deal with any such corporation. (*First Nat. Bank* v. *Cottonwood Land Co.*, 51 Mont. 544, 154 Pac. 582.)

Section 6375, providing for the organization of co-operative associations, specifically refers to them as corporations. The same section likewise specifically refers to their capital stock. They therefore come within the general provision of section 6003.

If the contention of counsel for the appellants is sustained, co-operative associations are the only class of corporations with capital stock not required to furnish public information as to their financial condition. No authority is cited in support of this contention. We are not impressed by the argument offered in support thereof. There is no reason why this class of corporations should enjoy any special immunity in that regard. There is no limit to the amount of capital that may be controlled by such a corporation. The only restriction is that no person shall hold more than one share of stock of not less than $10 nor more than $5,000 par value. They may be formed by any class of persons for the purpose of prosecuting any branch of industry. In this particular case the cor-

poration was engaged in the mercantile business and the debt forming the basis of the present action was contracted in that business.

Furthermore, section 6379, after conferring upon co-operative associations all of the powers usually enjoyed by private corporations organized for profit, concludes by saying: "Subject to all duties, restrictions, and liabilities set forth in the general laws in relation to similar corporations, except so far as the same may be limited or enlarged by this Act."

There is no provision in the Act which directly or by implication relieves them from the duty of filing the same annual report as other corporations. It therefore follows that directors are subject to the same penalty for failure in that regard as the directors of other corporations.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*