# STANTON TRUST & SAVINGS BANK, Appellant, *v.* JOHNSON, Respondent.

(No. 7,813.)

(Submitted November 14, 1938.   Decided December 10, 1938.)

[85 Pac. (2d) 336.]

*Mr. George H. Stanton,* for appellant, submitted an original, a reply and a supplemental brief, and argued the cause orally.

*Mr. H. C. Hall* and *Mr. E. K. Cheadle, Jr.,* for Respondent, submitted an original and a supplemental brief; *Mr. Hall* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought to recover the penalty provided for under section 5957, Revised Codes, reading: "Whenever any person or persons owning five per cent. of the capital stock of any corporation shall present a written request of the treasurer

thereof that they desire a statement of the affairs of such corporation, it shall be the duty of such treasurer to make a statement of the affairs of the corporation, under oath, embracing a particular account of all its assets and liabilities in minute detail, and to deliver such statement to the persons who presented the said written request to said treasurer within twenty days after such presentation, and shall also, at the same time, place and keep on file in his office for six months thereafter a copy of such statement, which shall, at all times during business hours, be exhibited to any stockholder of said corporation demanding an examination thereof; such treasurer, however, shall not be required to deliver such statement in the manner aforesaid oftener than once in six months. If such treasurer shall neglect or refuse to comply with any provisions of this chapter, he shall forfeit and pay to the person presenting said request the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished, to be sued for and recovered in any court having cognizance thereof.''

The cause was tried to the court without a jury. The court found that plaintiff did not establish the material allegations of the complaint and awarded judgment in favor of defendant. Plaintiff has appealed from the judgment.

While defendant contends that several material allegations of the complaint were not sustained by proof, we shall consider but one. Under the statute, the written request must be made· upon the treasurer of the corporation, and it is in that capacity only that he may be subjected to the penalty named in the statute.

The complaint, which was verified on June 30, 1936, alleges that defendant ''is and at all times since the year 1924 has been the treasurer of the James A. Johnson Company''; that on the 19th day of July, 1935, the plaintiff, who is alleged to be a stockholder owning five per cent. of the capital stock of the James A. Johnson Company, made written request upon defendant for a statement of the affairs of the company pursuant to section 5957,

and the failure and refusal of defendant to comply with the provisions of that section and to furnish the statement.

Plaintiff's proof that defendant was the treasurer of the James A. Johnson Company at the time it made the written request upon him consisted of licence tax returns filed by the company in the office of the State Board of Equalization. One was signed on March 15, 1935, and the other on March 1, 1936. The affidavit attached to each return recited:

"State of Montana, ⎱ ss.
"County of Toole. ⎰

"We, James A. Johnson, president, and James W. Johnson, treasurer, of the above named company (the same being the James A. Johnson Company), whose return of net income is herein set forth, being severally· duly sworn, each for himself deposes and says that the items entered in the foregoing report and in the supplementary statement and in any additional list or lists attached to or accompanying this return and the whole thereof are true and correct.

"JAMES A. JOHNSON, President
"JAMES W. JOHNSON, Treasurer

"Subscribed and sworn to before M. L. Gilroy, Notary Public."

Plaintiff also introduced in evidence an annual report filed by the company in the office of the county clerk of Toole county, which listed James W. Johnson as treasurer and secretary of the company. This report was sworn to by the president, James A. Johnson, on March 1, 1936, and purported to cover the year 1935, it being signed by defendant as one of the directors of the corporation. Plaintiff introduced proof that it relied upon the annual report and statement in the license tax returns in making the request upon defendant under section 5957 and in commencing this action. However, no reliance could have been placed upon the annual report covering the year 1935 in making the demand upon defendant, because it was not filed until March, 1936, nor upon the license tax return for that year which was not signed until in March, 1936, since the request here

made occurred in July, 1935. They may have been relied upon, however, as shown by plaintiff's proof, in commencing this action, if that be material. Likewise plaintiff offered in evidence the annual report covering the year 1934, which was filed in April, 1935, but neither this nor the license tax return for 1934, signed in March, 1935, could have been relied upon as proof that defendant was the treasurer in July, 1935.

The proof on behalf of defendant shows that on the 31st day of May, 1935, at a special meeting of the directors of the James A. Johnson Company held pursuant to call and waiver of notice, the resignation of James W. Johnson as treasurer of the company was tendered and accepted, and R. E. Svare was elected as treasurer and secretary to serve for the ensuing year and until his successor was elected and qualified; that Svare was treasurer of the company at the time the request was made upon defendant to furnish the statement under section 5957, and that defendant was not the treasurer of the company at that time nor at the time his action was instituted.

Defendant, who said he signed similar reports for about ten different corporations, admitted that he signed the corporation license tax returns for the James A. Johnson Company, but stated he did so carelessly; that it was prepared by Mrs. Tillman, who worked for the company during the time in question as bookkeeper and who put it on his desk with reports of other corporations which he also represented as director or officer, and that he did not know that he signed the report in question here as treasurer of the James A. Johnson Company.

The evidence fails to establish that defendant was the treasurer of the James A. Johnson Company in July, 1935, when the request was made upon him to furnish the statement provided for in section 5957. On the contrary, it establishes that he was not the treasurer at that time. Under section 5957, like under the statute involved in the case of *Daily* v. *Marshall*, 47 Mont. 377, 133 Pac. 681, it is incumbent upon one who seeks to hold the treasurer liable for failure to comply with it, to allege and prove affirmatively every fact and circumstance upon which his right to recover depends.

Plaintiff contends that since the evidence shows that plaintiff ▮ relied upon the statements filed with the State Board of Equalization and upon the annual reports, defendant is estopped from asserting that he was not the treasurer of the company at the time plaintiff requested the statement.

Plaintiff relies upon the rule announced in *Waddell* v. *School District,* 74 Mont. 91, 238 Pac. 884. A person cannot be made an officer of a corporation by estoppel so as to subject him to the penal liability created by the statute. Either defendant was or was not the treasurer of the company at the time the demand was made upon him. His liability attaches as an official and by virtue of the office he holds in the corporation, and not otherwise. (*Breitzke* v. *Bank of Grand Prairie,* 124 Ark. 495, 187 S. W. 660, Ann. Cas. 1918D, 792.)

Of course, as to persons having dealings with the corporation through defendant James W. Johnson and who acted in reliance upon the statements filed with the State Board of Equalization or upon the annual reports, the corporation would be estopped from asserting that Johnson was not its treasurer. But here there were no dealings had with the corporation. Plaintiff did not advance any money or change its position on the strength of the statements. The "bringing of suit, or the commencement of an action is not a change of position within the meaning of the law of estoppel." (21 C. J. 1134, and cases there cited.)

No assertion by any officer of the corporation could make defendant its treasurer when in fact he was not the treasurer. His own statement that he was the treasurer, even if knowingly and voluntarily made, would not make him the treasurer if in fact he was not the treasurer.

A stockholder of a corporation must at his peril ascertain who ▮ the treasurer is before he can subject him to the penalty prescribed by section 5957. Furthermore, plaintiff here had available to it convenient and ready means of acquiring exact knowledge as to who was the treasurer of the company at the time it made the request in question, by examining the books of the corporation, and the rule is well settled that in such a case there is no estoppel. (21 C. J. 1129.)

Plaintiff contends, in effect, that the records of the special meeting of the board of directors culminating in the acceptance of the resignation of defendant as treasurer and the election of Svare as his successor, were sham and fictitious. If this were so, then, of course, defendant could not rely thereon. The record, however, does not disclose any facts which tend to impeach the records or to reflect upon the good faith of the proceedings resulting in the change of treasurer.

The court was warranted on the record in finding that plaintiff had not proven the allegation that defendant was the treasurer of the James A. Johnson Company at the time the request was made upon him to furnish the statement contemplated by section 5957. The judgment is accordingly affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

Rehearing denied December 26, 1938.