MOUNTAIN STATES SUPPLY, INCORPORATED, FORMERLY MOUNTAIN STATES TRANSPORT, INCORPORATED, A MONTANA CORPORATION, PLAINTIFF AND APPELLANT, *v.* MOUNTAIN STATES FEED AND LIVESTOCK COMPANY, INCORPORATED, A MONTANA CORPORATION, SWIFT & COMPANY ET AL., DEFENDANTS AND RESPONDENTS.

No. 10965.
Submitted January 10, 1967.   Decided March 13, 1967.
425 P.2d 75.

Herron & Reber, Clayton R. Herron (argued), Helena, for appellant.

James, Crotty, Corontzos & Fopp, Theodore Corontzos (argued), Great Falls, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order of the Cascade County District Court dismissing the complaint filed in this cause with respect to the individual defendants, Thaine R. Wulf, Marjorie Wulf and Jerome Whitaker.

Plaintiff-appellant, Mountain States Supply Company, (a Montana corporation, hereinafter called plaintiff) alleged that

it had entered into several leasing agreements with the defendant-respondent, Mountain States Feed and Livestock Company, (a Montana corporation, hereinafter called defendant) wherein the plaintiff agreed to lease certain motor vehicles and trailer equipment to the defendant. It was further alleged that the plaintiff had fully performed its obligations under the alleged leases and that the defendant owes a balance of $20,971.18 thereunder.

Thaine Wulf, Marjorie Wulf and Jerome Whitaker (hereinafter called the individual defendants) were joined on the theory that they were jointly and severally liable as directors of the defendant corporation. Swift and Company, an Illinois corporation, was joined as a party defendant under an agency theory but was dropped as a party by stipulation. Subsequently an order was entered also dismissing the action with respect to the individual defendants on the ground that the complaint failed to state a claim against any of them. From this order the plaintiff appeals.

Plaintiff contends that the individual defendants are personally liable as directors of the defendant corporation under section 15-811, R.C.M.1947, which in material part reads as follows: "(1) Every corporation, having a capital stock, * * * shall by March 1st * * * file * * * a report of the condition of said corporation on December 31st preceding, which shall state the amount of the authorized capital stock, the proportion thereof actually paid in, and the amount thereof actually paid in in cash, and the amount issued, if any in payment of property purchased, services rendered, or labor performed, and the amount of existing debts, and also the names and addresses of the directors or trustees, and of the president, vice-president, general manager (if any) and secretary and treasurer of the corporation. * * * The report shall be verified by the oath of the president, vice-president, secretary, or treasurer of such corporation. If the directors or trustees of any corporation shall fail to file such report, the directors of the corporation shall

jointly and severally be liable for all debts or judgments of the corporation which may thereafter be in anywise incurred until such report shall be made and filed * * *.

"(2) If the required report be made and filed after the time herein specified, the directors shall not, on account of the prior failure to make report, be liable for the debts thereafter contracted."

Plaintiff's contention is made in two parts, first, that the individual defendants are subject to the statutory liability between March 1st and the date of the filing subsequent to March 1st of the years in question. Secondly, that the individual defendants should be held personally liable for the corporation's debts incurred after the annual reports were filed because they contained false statements and therefore cannot be deemed to fulfill the requirements of section 15-811.

Defendant has answered these contentions by pointing out that section 15-811 only requires that a report be filed and that section 15-410, R.C.M.1947, is the section that provides penalties against corporation officers for filing false reports. Defendant would even go a step further by urging this court that the information required by section 15-811 is not sufficient to give notice of a corporation's true financial condition and therefore compliance with that section would not be required.

Section 15-811, R.C.M.1947, has existed in one form or another in Montana since 1895 and has been the subject of considerable litigation. This court has consistently enforced the statutory liability imposed by section 15-811 holding that it is in the nature of a penalty which may be enforced by a creditor. Continental Supply Co. v. Abell, 95 Mont. 148, 24 P.2d 133; National Supply Co.-Midwest v. Abell, 87 Mont. 555, 289 P. 577; Williams v. Hilger, 77 Mont. 399, 251 P. 524; Anderson v. Equity Cooperative Assn. of Roy, 67 Mont. 291, 215 P. 802; First National Bank v. Cosier, 66 Mont. 352, 213 P. 442; Butler v. Peters, 62 Mont. 381, 205 P. 247, 26 A.L.R. 560; Giddings v. Holter, 19 Mont. 263, 48 P. 8; State Savings Bank of Butte

City v. Johnson, 18 Mont. 440, 45 P. 662, 33 L.R.A. 552; Wethey v. Kemper, 17 Mont. 491, 43 P. 716; Elkhorn Trading Co. v. Tacoma Mining Co., 16 Mont. 322, 40 P. 606; Gans v. Switzer, 9 Mont. 408, 24 P. 18. The liability thus imposed on the directors is joint, several and primary and not that of surety or guarantor of the corporation, First National Bank of Missoula v. Cottonwood Land Co., 51 Mont. 544, 154 P. 582. Therefore the only question presented is whether the plaintiff is entitled to rely upon section 15-811.

Since this case has not been heard on its merits and the order appealed from was made on the pleadings, we must look to the complaint to see if sufficient facts are alleged to invoke the liability of corporate directors under section 15-811. As in Daily v. Marshall, 47 Mont. 377, 133 P. 681, a creditor who seeks to hold directors personally liable for corporate debts because of failure to file the statutory annual report must clearly allege all of the facts and circumstances which are necessary under the statute to give rise to the liability. See also Stanton Trust & Savings Bank v. Johnson, 107 Mont. 348, 85 P.2d 336.

Section 15-811 states the conditions precedent to the directors' liability as follows: "the directors of the corporation shall jointly and severally be liable for all debts or judgments of the corporation which may thereafter be in anywise incurred until such report shall be made and filed * * *. If the required report be made and filed after the time herein specified, the directors shall not, on account of the prior failure to make report, be liable for the debts thereafter contracted. * * *." It appears from the portions of the section just quoted that only those debts which are incurred during the period of default of making and filing the report are chargeable against the directors and further that debts are deemed incurred at the time of contracting. This construction is reasonable because the reports appear to be intended to give some notice of the con-

dition or activities of the corporation and such notice would only be useful at the time of contracting.

Plaintiff alleged in its complaint that the leasing agreements were entered into on the following dates: November 2, 1959, April 30, 1960, October 21, 1960, April 26, 1961, May 5, 1961, November 9, 1961. It was further alleged that the annual reports which are required by section 15-811 to be filed by March 1st were actually filed on April 11, 1960, April 12, 1961 and June 22, 1962.

■ Applying the statute to the plaintiff's allegations we find that not one of the alleged contracts were entered into during a period when the corporation was in default of filing the annual report. Therefore we conclude that the complaint shows on its face that the plaintiff is not entitled to proceed against the individual defendants under the liability imposed by section 15-811.

■ The plaintiff's contention that a false report is, in legal effect, the same as no report under section 15-811 is unconvincing. We are satisfied that the legislature intended that the penalty imposed on corporate officers for filing false reports is contained in section 15-410, R.C.M.1947, which reads as follows: "Any officer of a corporation who willfully gives a certificate, or willfully makes an official report, public notice, or entry in any of the records or books of the corporation, concerning the corporation or its business, which is false in any material representation, shall be liable for all the damages resulting therefrom to any person injured thereby, and if two or more officers unite or participate in the commission of any of the acts herein designated, they shall be jointly and severally liable." While the above-quoted section is broad enough to cover more than the annual report required by section 15-811 it clearly includes section 15-811 and no persuasive reason has been advanced why it should not be the exclusive remedy. Since the legislature has provided a remedy for the harm caused by false reports it would be of doubtful wisdom

for the courts to undertake to determine the adequacy of each report on a case by case basis. When considering the sufficiency of an annual corporate report in Fisk Tire Co. v. Lanstrum, 96 Mont. 279, 30 P.2d 84, this court held that when a person is required to make a statement, which from the nature of things can only be made from information and belief, an affidavit in that form meets the requirement; thus minimal requirements under section 15-410 provide adequate protection against false reports.

■■ We are also unconvinced by the defendants' contention that section 15-811 does not require sufficient facts to apprise the public of the financial condition of the corporation and therefore should not be enforced. This contention ignores the very nature of corporations. Corporations were unknown at common law and exist purely as creatures of statute. They have only the powers which the creating sovereign grants. Section 15-101, R.C.M.1947; Hutterian Brethren of Wolf Creek, etc. v. Haas, (9th Cir. U.S.D.C.), 116 F.Supp. 37. The chief advantage which is granted under the corporate form of doing business is that members thereof are shielded from personal liability for the obligations of the corporation. The sovereign is free to impose the conditions precedent to granting such immunity and equally free to remove the corporate immunity upon failure to meet the conditions. With respect to directors, one of those conditions is that an annual report be filed by March 1st. This court need not decide whether the required contents of the annual report give the best possible notice or any notice of the corporation's financial condition. The annual report is a condition precedent to a director's immunity and the filing thereof is a legal burden assumed when a person undertakes to become a director.

Finding no reversible error the order dismissing Thaine R. Wulf, Marjorie Wulf, and Jerome Whitaker as parties defendant is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUS-
TICES ADAIR, CASTLES and JOHN CONWAY HARRISON,
concur.