### BREMER v. EQUITABLE CONSTRUCTION & MORTGAGE CORPORATION

1. CORPORATIONS—ANNUAL REPORTS—FAILURE TO FILE.
   Neglect or refusal by a corporation to file its annual report within the time prescribed by statute results in suspension of its corporate powers (MCLA § 450.87).

2. CORPORATIONS—ANNUAL REPORTS—FAILURE TO FILE—OFFICER'S LIABILITY.
   Any officer of a corporation who neglects or refuses to join in the making of the corporation's annual report shall be liable for all debts of the corporation contracted during the period of neglect or refusal (MCLA § 450.87).

3. CORPORATIONS—ANNUAL REPORTS—ERRORS.
   Minor errors in a corporation's annual report, which are neither fraudulently made nor detrimentally relied upon by the plain-

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur 2d, Corporations § 1622.
[2, 3] 19 Am Jur 2d, Corporations § 1365 et seq.
[4] 19 Am Jur 2d, Corporations §§ 1354, 1355, 1622.
[5] 19 Am Jur 2d, Corporations § 1367.

tiff, do not subject a corporate officer to personal liability for corporate debts contracted during the period when the error remained uncorrected (MCLA § 450.87).

4. CORPORATIONS—ANNUAL REPORTS—ERRORS—OFFICER'S LIABILITY —CONSTRUCTION OF STATUTES.

The statute which suspends corporate powers and imposes personal liability on corporate officers for neglect or refusal to file an annual report is punitive in nature and must therefore be strictly construed in favor of the persons penalized (MCLA § 450.87).

5. CORPORATIONS — ANNUAL REPORTS — PRIOR DEBTS — DEFAULT OF CORPORATION — OFFICER'S LIABILITY.

An officer of a corporation which has defaulted in the making of its annual report is personally liable only for the debts of the corporation incurred during the period of such default (MCLA § 450.87).

Appeal from Kent, John T. Letts, J. Submitted Division 3 June 2, 1970, at Grand Rapids. (Docket No. 7,771.) Decided August 25, 1970. Leave to appeal granted October 28, 1970. 384 Mich 774.

Complaint by Maurice Bremer against the Equitable Construction & Mortgage Corporation and John R. Nichols, Martin J. Nanian and Joseph Calderone, Jr., corporate officers, for breach of contract. Judgment for plaintiff against defendant corporation and Nanian and Calderone. Defendants Nanian and Calderone appeal. Reversed as to appellants.

*Rosemary Scott,* for plaintiff.

*Stiles & Fowler,* for defendants.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

BYRNS, J.   Plaintiff secured a judgment for $9,820 allegedly due on contracts made February 22, 1966, March 19, 1966 and April 2, 1966, between it and the defendant corporation for goods and services which were to be completed in July, 1966.

Defendant corporation filed its 1965 annual report and paid its fees on June 22, 1965.   In November, 1965 the corporation by letter was advised by the Michigan Corporation and Securities Commission of two errors in its 1965 annual report and further advised to correct the defendant corporation's file copies of the report.

When plaintiff's counsel wrote to the defendants in February, 1967, and suggested that the defendants might be personally liable for failure to file a corrected copy of the 1965 annual report, a corrected copy was filed March 20, 1967.

The errors in the original 1965 report filed with the commission consisted of stating the number of authorized shares of stock as 50,000 rather than 5,000 and the par value of the corporation stock as $1 rather than $10.   These were the only errors. We note that the total capitalization of the corporation was $500,000 whether the number of authorized shares and par value were as originally reported or as later corrected.

Defendants John R. Nichols, Martin J. Nanian and Joseph Calderone, Jr. were respectively president, vice-president, and secretary of the corporation. Defendants Nanian and Calderone were directors of the corporation.

The plaintiff claimed and secured judgment against the corporation, and also against the defendants Nanian and Calderone individually on the basis of MCLA § 450.87 (Stat Ann 1963 Rev § 21.87), which provides as follows:

"Sec. 87.  Failure to file report; suspension of powers, liability of director or trustee.  (1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business.  Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

On appeal the defendants Nanian and Calderone seek reversal of the judgment entered against them individually by the circuit court of Kent County. No appeal is taken from the judgment against the corporation.

There was no claim of fraud in this case, nor was there any claim of any detrimental reliance by the plaintiff upon the 1965 report filed by the defendants.

The statute in question, MCLA § 450.87 (Stat Ann 1963 Rev § 21.87), speaks of neglecting or refusing to file annual reports and pay the required fees.

In this case, although the 1965 annual report was filed 37 days late (due May 15, 1965, filed June 22, 1965), it was indeed filed seven months before the contracts with the plaintiff had been made. Since the financially punitive provisions of this statute are sought to be imposed upon the individual defendants, a strict construction is in order. *People v. Adamowski* (1954), 340 Mich 422, 429; *People v. Brown Brothers Equipment Company, Inc.* (1966), 3 Mich App 618, 622, 623.

The statute does not speak of errors made in the reports as subjecting the corporate officers to individual liability for the debts of the corporation. Instead, the Michigan courts appear to regard the failing to file the report as the key to invoking the personal liability penalties. *Wallace v. Pere Marquette Fiberglass Boat Company, Inc.* (1966), 2 Mich App 605, 613; *Westchester Appliance Co. v. Englehardt* (1914), 180 Mich 602, 603.

We do not rule herein that a serious or substantial error, which through deliberate errors or omissions is no report at all, might not subject a corporate officer to individual liability or that a bad faith or wilful error might not make an officer responsible for corporate debts, because the record of this case does not present such issues.

The errors here, at best, were minor. The total capitalization, as noted, was the same before and after the report was corrected. There was no misstatement of assets and no avoidance of fees due the state. Actually, recognizing that the error was stating authorized shares at 50,000 rather than 5,000 and par value at $1 rather than $10, the errors could have been merely typographical. There is no claim here of misleading or harm to this plaintiff from such minor errors or that the delay in correcting them caused him injury.

This statute is not intended to, nor does it by its language, reach and punish such minor and inconsequential errors.

The record does not support a finding of any wilful refusal or neglect to make the corrections (done February 20, 1967) and to refile, so as, with any reasonable application of MCLA § 450.87 (Stat Ann 1963 Rev § 21.87) to have subjected defendants Nanian and Calderone to personal liability for the debts of the corporation to the plaintiff created during February and April, 1966.

Rather such omission appears inadvertent. The letter from the Corporation and Securities Commission (although not shown to have been received by the defendant Calderone) does not order correction of the errors nor advise the corporation that it was or would be suspended. Actually, the letter asks permission to correct the error and suggests "you correct your file copies so that this error does not reoccur on future reports." It could be reasonably interpreted that a new or second filing was not necessary.

*Radio Electronics Supply Co.* v. *Smith* (1964), 372 Mich 393, relied on by the plaintiff and the trial court, is not applicable to the instant case. In *Radio Electronics,* the statute was found to apply because the annual reports contained not inconsequential errors, but serious omissions (the names of the directors, with one report not even giving a change of address for the corporation). Further, in *Radio Electronics,* two letters requesting completion of the reports were never answered and the deficiencies remained uncorrected.

Plaintiff also claims that the defendant corporation did not file its 1966 annual report and pay its fees until March 8, 1967. The statute previously set forth, MCLA § 450.87 (Stat Ann 1963 Rev § 21.87),

refers to debts "contracted during the period of such neglect or refusal." The debts in this case were contracted on February 22, 1966, March 19, 1966 and April 2, 1966, well before the date for filing the 1966 annual report which was not due to be filed until May 15, 1966.

"[U]nder a statute making the directors liable for all debts contracted during the period of their neglect to file a report of the company's condition, they are not liable for debts contracted before their default, although they remain unpaid during the period of their default." 5 Fletcher, Corporations (1967 Rev), § 2286, p 1000.

Only those debts which are incurred during the period of default in making and filing the report are chargeable against directors and debts are deemed *incurred at the time of contracting. Mountain States Supply Inc. v. Mountain States Feed and Livestock Co.* (1967), 149 Mont 198 (425 P2d 75).

Having so disposed of this case we need not consider and rule on appellants' claim of error by the trial court in not granting their motion to dismiss because the complaint did not allege that appellants neglected or refused to join in the making of the annual reports.

The judgment as against defendants Martin J. Nanian and Joseph Calderone Jr. individually is reversed with costs to them.

All concurred.