Argued February 8, reversed and remanded March 23, 1973

# BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, *Respondent,* v. MORSE, nka HUEBNER, *Appellant.*

508 P2d 194

*Fred A. Granata*, Portland, argued the cause and filed briefs for appellant.

*Jerome B. Buckley, Jr.*, Portland, argued the cause for respondent. On the brief were Galton & Popick.

Before O'CONNELL, Chief Justice,* and McALLISTER, DENECKE, TONGUE,* HOWELL and BRYSON, Justices.

McALLISTER, J.

This is an action at law to recover on a promissory

---

* O'Connell, C.J., and Tongue, J., did not participate in the decision of this case.

note. The trial court entered judgment for plaintiff. Defendant appeals.

The facts are not in dispute. Plaintiff is the payee and holder of a note in the principal amount of $10,000, dated July 29, 1969, executed in the following form:

"Morse Bros. Painting and Weatherproofing, a Corporation

By /s/ *J. L. Morse* President

By /s/ *Doris N. Morse* Secretary"

Morse Bros. Painting and Waterproofing, Inc.,[①] is a California corporation. At the time the note was executed defendant and her husband, J. L. Morse, were the corporation's officers and sole shareholders. The plaintiff bank had done business with the corporation for some time prior to the date of the note, and accepted the note as that of the corporation.

On January 4, 1965, the State of California had suspended the corporation's powers for failure to pay state corporation taxes under the authority of the following statute:

"Except for the purpose of amending the articles of incorporation to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer shall be suspended * * * if any of the following conditions occur:

* * * * *

"(b) If any tax, penalty or interest, or any portion thereof, other than jeopardy or fraud assessments, due and payable upon notice and demand from the Franchise Tax Board, is not paid on

---

[①] This is the correct name of the corporation. The parties stipulated that the bank was in error when it made out the note in the name of "Morse Bros. Painting and Weatherproofing." No significance is claimed for this discrepancy.

or before 6 o'clock p.m. on the last day of the eleventh month following the due date of said tax;
* * *."

California Revenue and Taxation Code § 23301.

Although the suspension was in effect on the date of the execution of the note, the bank was unaware of the suspension. The trial court found as a fact[2] that defendant was also unaware of the suspension, although in addition to being a corporate officer she was active in the business, performing the bookkeeping and secretarial work.

The corporation ceased to do business in January, 1970, shortly after the death of J. L. Morse. So far as it appears, however, the corporation has never been formally dissolved.

The bank contends that defendant is personally liable on two alternative theories: (1) The suspension of the corporation's "powers, rights and privileges" imposed, as a matter of law, personal liability for corporate debts upon the officers and directors. (2) Defendant is liable on the note because, although purporting to sign as an officer on behalf of the corporation, she was without authority to do so. As the entire transaction took place in California, the parties agree that the substantive law of California is to be applied.

■ In considering plaintiff's first contention, we find no California cases directly in point. The statute upon which plaintiff relies does not in terms make the

---

[2] Although a jury was empaneled, the parties agreed at the close of all the evidence that the case presented only a question of law and that the jury could be dismissed. Nevertheless, in announcing its decision, the court made the above factual finding, and neither party objected. The finding is not material to the decision.

corporation's officers or directors liable for debts incurred during suspension, but provides only for the suspension of the corporation's "powers, rights and privileges." Among the powers suspended is the power to borrow money and issue notes. California Corporations Code § 802 (c). Under a similar suspension statute (see California Corporations Code § 5901) it was said in *Silvey v. Fink,* 99 Cal App 528, 279 P 202, 203 (1929):

> "Under the above section, the corporation and its directors, as such, were without power, during the period of suspension, to borrow money or execute the corporation's note therefor; * * *."

The purpose of the statute is to bring pressure upon the corporation to pay the tax. *A. E. Cook Company v. K S Racing Enterprises,* 274 Cal App 2d 499, 79 Cal Rptr 123, 124 (1969); *City National Bank of Beverly Hills v. Jay Miles, Inc.,* 227 Cal App 2d 837, 39 Cal Rptr 184, 187 (1964). To this end the Revenue and Taxation Code also provides, in § 23304:

> "Every contract made in violation of this article is hereby declared to be voidable, at the instance of any party other than the taxpayer."

In addition, criminal penalties may be imposed, under § 25962.1, upon "Any person who attempts or purports to exercise the powers, rights and privileges of a * * * corporation which has been suspended pursuant to Section 23301 * * *."

In *Silvey v. Fink,* supra, plaintiffs brought an action against certain individuals who had acted as the board of directors of a suspended corporation. Plaintiffs alleged that they had loaned the corporation money and had been given a note purportedly executed on behalf of the corporation. The evidence showed that

the note had been given and the money advanced as part of a stock subscription transaction. Plaintiffs were allowed to recover from the directors on a restitutionary theory, the opinion stating that there had been a total failure of consideration for the money paid by plaintiffs. 279 P at 204. In *Silvey* the statute provided and the parties admitted that the note was void.

■ The present case is distinguishable, as the governing statute does not make the note void, but only voidable at the instance of the bank. The bank has made no attempt to avoid the transaction. Moreover, under the statute, the corporation remained in existence although its powers and privileges were suspended. It apparently continued to do business, and had assets, until after the note's maturity date, October 29, 1969. The facts in this case do not show a failure of consideration.

The California statute, providing for suspension rather than forfeiture of corporate powers is apparently unusual. A Michigan statute provides for suspension of corporate powers upon failure to pay license fees or to file required annual reports with the state. That statute, unlike the California provision, expressly makes corporate officers liable for corporate debts contracted during the period of default. Mich. Comp. Laws Anno § 450.87.[9] It is not unusual for state law to impose personal liability on officers or directors for

---

[9] "* * * its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default; * * *. Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

debts contracted while the corporation is in default under the statutes requiring the filing of reports. See, generally, 5 Fletcher, Cyclopedia of Corporations (1967 revision) 985-991. It has been held that this liability is purely statutory, and that the statutes are to be strictly construed. *Bremer v. Equitable Construction & Mortgage Corp.*, 26 Mich App 204, 182 NW2d 69, 71 (1970); *Mountain States Supply v. Mountain States F. & L. Co.*, 149 Mont 198, 425 P2d 75, 77 (1967); *Butler v. Peters*, 62 Mont 381, 205 P 247, 248-249, 26 ALR 560 (1922).

■ Unlike the above statutes, which are intended to enforce the duty to file reports which provide the public with information about the corporation's affairs, the California statute is designed only to aid the state in its collection of revenue. There is no purpose to protect individuals as potential creditors of investors. There is no compelling reason why a corporation's tax delinquency should result in its officers being individually liable for corporate debts. In the absence of any indication in the statute that the legislature intended that result, this court will not construe the California statute as imposing liability on defendant.

Plaintiff's other theory is that defendant is personally liable on the note by virtue of her signature. Section 3404 of the California Commercial Code (UCC § 3-404) provides:

> "(1) Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value."

See, also, Comment 2 to § 3-404 of the Uniform Commercial Code:

> "The final clause of subsection (1) is new. It

states the generally accepted rule that the unauthorized signature, while it is wholly inoperative as that of the person whose name is signed, is effective to impose liability upon the actual signer or to transfer any rights that he may have in the instrument. His liability is not in damages for breach of a warranty of his authority, but is full liability on the instrument in the capacity in which he has signed. * * *"

This was the general rule under the Uniform Negotiable Instruments Law. See 5 Uniform Laws Annotated 209-210. See, also, Restatement of Agency 2d, § 324 (2):

"An agent is not liable as a party to a negotiable instrument on which the name of the principal appears if it is interpreted as being executed by the agent only on behalf of such principal *and if the agent has power to bind the principal.*" (Emphasis added.)

Comment *a* to this section reads:

"*Where agent has no power to bind principal.* Although a negotiable instrument is signed by an agent in the name of a principal and does not purport to be the agent's instrument, he is subject to liability upon it if he has no power to bind the principal, or if the principal is nonexistent, and this fact is not known to the party to whom it is delivered. * * *"

Again, there are no California cases in point, nor have we found any similar cases from other jurisdictions decided under the Uniform Commercial Code.

■■ Plaintiff contends that when the corporation's powers were suspended, it was deprived not only of the power to borrow money and issue notes, see *Silvey v. Fink,* supra, but also of the power to authorize defendant to do so on its behalf. Her signature on the

note, therefore, was an "unauthorized signature" within the meaning of § 3404 and as a result she is personally liable on the instrument. In *Black, Sivalls & Bryson, Inc. v. Connell*, 149 Kan 118, 86 P2d 545 (1939), decided under the Uniform Negotiable Instruments Law, the corporation's charter had been forfeited under a state statute. After this forfeiture, the corporation's president executed a corporate note. He was held personally liable by virtue of his signature on the instrument. Plaintiff relies on this case; but we agree with defendant that it is distinguishable. The corporation, in that case had lost its charter; the court characterized its status as follows:

> "* * * Upon the forfeiture of the charter of a corporation it ceases to exist. * * * The title to its assets vests in the stockholders. It has no power thereafter to do anything, or to authorize anyone to do things for it. * * * The situation has been compared to that of the death of an individual whose ability to do things, or to authorize anyone to do things for him, necessarily has ceased. * * *" 86 P2d at 547.

Under the California suspension statute, the corporation has no right to exercise its powers, but it continues to exist. Moreover, the statutes recognize the possibility that the corporation may continue to do business in violation of the suspension, and § 23304 makes contracts entered during the suspension period voidable at the option of the other parties. From this it follows that such contracts may be enforced against the corporation, and that the California statutes recognize the corporation's power to authorize agents to make commitments on its behalf during the period of suspension. If plaintiff had sought to enforce the note against the corporation, the corporation could not have defended on the ground that the note was unauthorized,

as the statutes makes contracts entered in violation of the suspension "voidable at the instance of any party other than the [corporate] taxpayer." Under the Uniform Commercial Code the unauthorized signer of a note can be held liable only if the purported principal is not bound. The holder is not entitled to a choice between the agent and his principal.

The trial court's judgment for plaintiff is incorrect on the law and must be reversed.

■ The note provides for the award of attorney fees in the event of an action for its enforcement. Defendant's answer included a prayer for an award of her attorney fees in the event she prevailed, as provided by ORS 20.096(1).[4] Plaintiff contends that the statute does not apply as the note was executed before its effective date. In *Dean Vincent, Inc. v. Chamberlain,* 264 Or 187, 504 P2d 722, 725 (1972) we held that the statute would be applied retroactively.

Reversed and remanded for entry of judgment for defendant, including attorney fees in the amount found by the trial court to be reasonable.

---

[4]
"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

The parties have confined their argument on this matter to the question of the retroactivity of ORS 20.096. Neither has questioned the propriety of the application of Oregon law, and we do not need to determine that question in this case. A virtually identical California statute, California Civil Code § 1717, was in effect when the note was signed. Therefore, whether Oregon or California law is applied, the result is the same.