Argued December 16, 1977, reversed January 23, 1978

CREDITORS PROTECTIVE ASSOCIATION,
INC., *Respondent,*
*v.*
BAKSAY, *Appellant.*
(No. 164-874, CA 9049)

573 P2d 766

James K. Belknap, Portland, argued the cause and
filed the brief for appellant.

Stamm F. Johnson, Lake Oswego, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

TANZER, P. J.

## TANZER, P. J.

The issue in this case is whether, when a corporation is delinquent for failure to file its annual report with and pay its annual fees to the Corporation Commissioner as required by ORS 57.755 and 57.767 respectively, its officers or directors may be held personally liable for debts which they incurred on behalf of the corporation during the period of delinquency.

Defendant was the president of American Standard Corporation, which became delinquent on December 12, 1975. Thereafter, he purchased goods from plaintiff's assignor on behalf of the corporation. This action for the contract price of those goods was initiated against defendant in January, 1977. The corporation's delinquency was cured on March 10, 1977. The district court held that defendant was personally liable. We reverse.

In order to encourage compliance with report and taxation statutes, some states hold corporate directors and officers personally liable for debts contracted on behalf of the corporation during a period of disability. *See* 16A Fletcher, Cyclopedia of Corporations, 55 (1962), and 5 Fletcher, Cyclopedia of Corporations, 848 (1976). However, such liability is purely statutory and provisions which impose it are to be strictly construed. *Bank of America v. Morse,* 265 Or 72, 508 P2d 194 (1973). In Oregon, the status of delinquent corporations is governed by ORS 57.779, subsection (3) of which provides:

> "While such delinquency of any corporation continues the right of the corporation to transact business is deemed to be in abeyance and shall be suspended, but this delinquency shall not operate to impair or delay the right of any other other person, firm or corporation. In all cases of suspension of such right to transact business, the directors or managers of the affairs of any delinquent organization mentioned above whose right to do business may be suspended, or any other person who may be appointed by any court of competent jurisdiction

to perform that duty, are deemed to be trustees of the corporation and of the stockholders or members of the corporation. They are also deemed to have full power to settle the affairs of the corporation and to maintain or defend any action or proceeding then pending in behalf of, or against it, or to take legal proceedings necessary to fully settle its affairs. These trustees may be sued in any court of this state after such suspension, by any person having a claim against any of such corporations. However, no suit or action pending against any such corporation at the time of such suspension shall abate; but it may be prosecuted to final judgment, and may be enforced by execution with the same effect and in like manner as though no delinquency or suspension had occurred; provided further, that where judgment has been entered against such corporation prior to the delinquency or suspension, an execution may be issued thereon, and its property, or property that may come into the hands of any trustee for it, may be levied upon, seized and sold to satisfy the judgment with like effect as though the suspension had not occurred."

Although this provision suspends the right of delinquent corporations to transact business, it does not expressly invest corporate creditors with a right of action against individual officers. Absent clear evidence of legislative intent to create personal liability, such statutes have not been held to interrupt the existence of delinquent corporations so as to render its members liable as partners. Rather, they have been construed as affecting only the corporation's right to enforce contracts during the period of its delinquency. *See* 16A Fletcher, Cyclopedia of Corporations, 60, n 63 (1962). There is no indication that the legislature contemplated a harsher construction of ORS 57.779(3). In fact, that section specifically provides that claims against a delinquent corporation may be litigated by proceeding against the corporate directors as trustees of the corporation. A judgment thus obtained would be enforceable only against corporate assets, not against the directors personally, because the directors are sued only as trustees. Thus, it is clear that the legislature

did not intend for delinquency to give rise to personal liability.

Accordingly, we hold that application of ORS 57.779(3) to defendant's corporation did not expose him to personal liability.[1] *See, Bank of America v. Morse, supra.*

Reversed.

---

[1] Plaintiff also relies upon ORS 57.793 which provides:

"All persons who assume to act as a corporation without the authority of a certificate of incorporation issued by the Corporation Commissioner, shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."

This statute imposes personal liability where the incorporators have not complied with all conditions precedent to valid incorporation. The payment of fees and the filing of reports are conditions subsequent to incorporation. Therefore, the statute is inapplicable to this case. *See* Henn, Law of Corporations, 238 (2nd ed 1970).